[Crim. No. 553. Department One.—January 3, 1900.]

THE PEOPLE, Respondent, v. GEORGE M. McINTYRE, Appellant.

CRIMINAL LAW—EVIDENCE—DEPOSITION TAKEN ON PRELIMINARY EXAMINATION—AUTHENTICATION.—The authentication of the deposition of a witness given on the preliminary examination of a defendant accused of a felony, by a certificate of the stenographer who took the testimony, stating that it is "a true and correct transcript from the shorthand notes taken by me, and a full and complete record of the proceedings had and testimony given in the above-entitled case," though careless in not following the language of the statute, is in substantial compliance therewith, and includes in the meaning of the certificate "a correct statement of such testimony and proceedings in the case," as required by section 869 of the Penal Code.

ID.—COMPARISON OF TRANSCRIPT WITH SHORTHAND NOTES — VARIANCE PRESUMED HARMLESS — ABSENCE OF EVIDENCE.— A discrepancy between the shorthand notes and the transcript, principally in the matter of punctuation, causing a dispute whether the prosecuting witness had said that he went to bed or got up "at 7 o'clock," is presumed harmless, in the absence of any evidence in the record upon appeal showing the materiality of the variance. If the variance was in fact material, the defendant should have embodied enough of the evidence in the record to show its materiality.

ID.—APPOINTMENT OF SHORTHAND REPORTER BY MAGISTRATE—QUALIFICATIONS—CONSTRUCTION OF CODE.—Section 869 of the Penal Code, authorizing the magistrate at a preliminary examination to appoint a shorthand reporter, only requires that he be competent to do the work; and that section is not to be construed as requiring the same qualifications prescribed for official reporters of the superior courts in chapter III, title IV, of the Code of Civil Procedure.

ID.—WAIVER OF OBJECTION TO COMPETENCY OF APPOINTEE—PRESUMPTION—IMMATERIAL QUESTION AT TRIAL.—When the defendant had an attorney present at the preliminary examination, who then made no objection to the competency of the shorthand reporter appointed by the magistrate, objection thereto is waived; and it must be presumed at the trial that the appointee was satisfactory to the court and to the defendant. A question asked of the reporter at the trial, whether a committee had been appointed to examine him, is properly disallowed as immaterial.

ID.—ABSENCE OF WITNESS FROM STATE—SUFFICIENCY OF SHOWING.—The testimony of the officer requested to serve a subpoena for a

prosecuting witness, to the effect that, after following every clew of inquiry, he was informed by various persons acquainted with the witness that he had left the state, and that it could not be told when he would return, though it was said by one person that he was liable to return upon business at any time, but that, after further efforts to locate the witness, the officer could not find him, is a sufficient showing to justify the admission in evidence of the deposition of the witness taken at the preliminary examination.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

George W. Smith, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

THE COURT.—Defendant was convicted of the crime of grand larceny.   He appeals from the judgment of conviction and from the order denying his motion for a new trial.

When the case was called for trial, the complaining witness failing to appear, the district attorney was permitted to read in evidence, against defendant's objection, the deposition of said witness given on the preliminary examination of defendant in the police court.   The only question involved in this appeal is as to the correctness of this ruling.

1. It is objected that the transcript was not certified as required by law.   Section 869 of the Penal Code provides: "The deposition or testimony of the witness must be authenticated in the following form: . . . . When taken down in shorthand, the transcript of the reporter appointed as aforesaid, when written out in longhand writing and certified as being a correct statement of such testimony and proceedings in the case, shall be *prima facie* a correct statement of such testimony and proceedings."   The certificate in question reads: "I hereby certify the foregoing to be a true and correct transcript from the shorthand notes taken by me, and a full and complete record of the proceedings had and testimony given in the above-entitled case."

While the stenographer was grossly careless in not consulting the statute when formulating his certificate to the transcript of the evidence, still, after careful consideration, the court has arrived at the conclusion that the certificate is made in substantial compliance with the form demanded by the statute. It is certified that the transcript contains a full and complete record of the testimony given in the cause. A complete record of the testimony of the witness may fairly be said to be a correct statement of his testimony.

2. When the deposition of the witness was being read, the defendant demanded a comparison of it with the shorthand notes. It was disclosed that the deposition was not a correct transcript of the reporter's notes in several particulars, and it was objected to for that reason. The only difference between the deposition and the notes of apparent significance related to what occurred at the hotel where the prosecuting witness had testified that he and defendant went to lodge on the night the larceny is alleged to have taken place. The two went together to this hotel, as it appears by the deposition. The witness was asked by the district attorney to give the exact text of his notes: "The Witness: A. Yes, and we got a two-bed room there, and I went to my bed, and at 7 o'clock I got up in the morning and I missed my money." Counsel for defendant read from the transcript, addressing the witness: "Q. I will read it again, and I read the punctuation: 'Yes, (comma), and we got a two-bed room (period). And I went to my bed at 7 o'clock (period). And I got up in the morning and I missed my money.' Is that correct? A. That is not correct." The witness was asked if there was anything in his notes that he (the prosecuting witness) got up at 7 o'clock; to which he replied, "No, sir." The dispute seemed to be whether the witness had said he went to bed at 7 o'clock, or had said that he got up at 7 o'clock. Defendant contends that the fact was important because there was evidence that the defendant left the room, where he and the witness were sleeping, at 5 o'clock in the morning. The evidence is not before us, and we cannot say whether the variance between the shorthand reporter's notes and the transcript of them was material to defendant's case. Whether the fact was that the prosecuting witness went to bed at 7 o'clock or

got up at 7 o'clock may have been entirely immaterial, and, if material, the defendant should have embodied enough of the evidence in the record to show its materiality. Injury will not be presumed from error which on its face is harmless.

3. Appellant contends that the deposition was not taken by a reporter appointed according to law. Section 869 of the Penal Code provides that the magistrate before whom the examination is had "may, . . . . order the testimony and proceedings to be taken down in shorthand, . . . . and for that purpose he may appoint a shorthand reporter." It is claimed that the magistrate may not, under this section, appoint except the appointee possesses the qualifications prescribed for official reporters of superior courts by chapter III, title IV, of the Code of Civil Procedure. Stress is laid upon section 270 of that code, which provides that: "No person shall be appointed to the position of official reporter of any court in this state, except," etc. Then follow the prescribed qualifications. This chapter relates exclusively to the official reporter of superior courts. (Code Civ. Proc., secs. 269 et seq.) Appellant would read these sections into section 869 of the Penal Code. We can find nothing in the provisions of the two codes to warrant us in doing so. No doubt the legislature contemplated that the official reporter referred to in the Code of Civil Procedure should possess certain qualifications, and so should a shorthand reporter called in by a magistrate be competent to do the work, for its importance is even greater than in civil cases; but the legislature nowhere in section 869 has intimated that the shorthand reporter there mentioned should be an official reporter of some superior court, or that he should possess the qualifications of some reporter. Furthermore, it appears that the defendant had an attorney present at the preliminary examination who then made no objection to the reporter appointed by the magistrate. It must be presumed that he was satisfactory to the court and to the accused, and possessed the necessary qualifications; and when, therefore, at the trial, counsel asked the reporter (the witness) whether there had been a committee appointed to examine him, the court properly refused the question as immaterial. The time to test his qualifications and to object that he did not possess them was at the preliminary examination.

4. It is claimed that the showing was insufficient that the witness could not be found in the state. The officer who served the subpoena testified that he went to the hotel where Berti, the prosecuting witness, stopped. "I went there and inquired of the proprietor, who told me that Berti was not stopping there, that he had left and gone to Montana. Acting on information received, I went to a saloon near by, on Montgomery avenue, kept by Mr. Conti, and inquired for Berti and got the same reply, that he had gone to Montana." He was then directed to inquire of a fellow-countryman who kept a razor sharpening place, who told the witness that he knew Berti. "I asked him if he knew when Berti would be back into town again; he said he could not say, that Berti had some business in Sonoma county and was liable to come at any time." He also testified to further efforts made by him which resulted in a failure to locate the witness. The evidence discloses the showing to be sufficient.

For the foregoing reasons the judgment and order are affirmed.