[Crim. No. 1053.    Department One.—March 10, 1904.]

THE PEOPLE, Respondent, v. E. J. NUNLEY, Appellant.

CRIMINAL LAW—VALIDITY OF PRELIMINARY EXAMINATION—APPOINTMENT OF SHORTHAND REPORTER—QUALIFICATIONS.—It is not a tenable objection to the validity of a preliminary examination that the magistrate appointed a shorthand reporter to take the evidence who was not an official reporter, without hearing any evidence as to his qualifications, where the magistrate stated that he knew him to be competent; nor that he was an employee of the district attorney, where it was not alleged that he was at all prejudiced or biased; nor that he was not sworn by the magistrate.

ID.—TIME OF FILING CERTIFIED TRANSCRIPT.—The certified transcript was filed within the ten days prescribed by law, where the tenth day fell upon Sunday, and it was filed upon the following Monday.

ID.—MOTION TO SET ASIDE INFORMATION—REFUSAL OF REPORTER.—Upon a motion to set aside an information, the defendant cannot be prejudiced by a refusal of the court to appoint a shorthand reporter to take down the evidence, objections, and rulings.

ID.—QUALIFICATION OF JUROR—ACTUAL BIAS—IMPRESSION FROM PUBLIC RUMOR AND JOURNALS.—A challenge of a juror for actual bias was properly disallowed where the evidence was sufficient to warrant the court in finding that the "impression" of the juror was entirely founded upon public rumor and statements in public journals, and that he could and would act impartially and fairly upon the matters submitted to him.

ID.—GRAND LARCENY—EVIDENCE—REPUTATION OF DEFENDANT—REBUTTAL.—Where a defendant charged with grand larceny offered evidence to sustain his general reputation for truth, honesty, and integrity in the city where he then lived, it was not error to allow the prosecution to show in rebuttal, by witnesses living near a place where he had recently lived in the same county, what was his general reputation in those respects.

ID.—DISCRETION—SHERIFF REMAINING IN COURTROOM.—The court did not abuse its discretion by allowing the sheriff, who was a witness for the prosecution, to remain in the courtroom during the trial.

ID.—LARCENY OF HORSE—EVIDENCE—SADDLE—COAT.—Where the defendant was charged with the larceny of a horse, a witness was properly allowed to testify that the saddle found in the defendant's possession resembled the one that was on the horse defendant was riding; and it was not prejudicial to allow the saddle so found, and the coat worn by the defendant when arrested, to be admitted in evidence.

ID.—LEADING QUESTIONS.—The court has discretion to allow leading

questions to be asked by the prosecution, against the objection of the defendant on that ground, if no abuse of discretion appears.

ID.—INSTRUCTIONS PROPERLY REFUSED.—Instructions requested by the defendant which were substantially covered by the instructions given, or which were erroneous or inapplicable to the evidence, were properly refused.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

Max Grimm, and H. R. McNoble, for Appellant.

U. S. Webb, Attorney-General, and George F. McNoble, Assistant District Attorney, for Respondent.

ANGELLOTTI, J.—Defendant was informed against for the crime of grand larceny,—viz., the stealing of a horse,— and having been convicted thereof, was adjudged to suffer imprisonment in the state prison for the term of ten years. He appeals from the judgment and an order denying his motion for a new trial.

1. It is claimed that the trial court erred in denying defendant's motion to set aside the information. The ground stated in support of the motion was, so far as is material here, that prior to the filing of the information the defendant had not been legally held to answer by a magistrate, in that— 1. The magistrate did not reduce to writing as a deposition the testimony taken on the preliminary examination, a demand having been made upon him so to do by defendant; 2. That the magistrate refused defendant's request to appoint a shorthand reporter to take down the testimony and proceedings, but granted the request of the district attorney to appoint Edwin S. Parker, stenographer in the employ of said district attorney, to take down and transcribe the same; and 3. That said "pretended" shorthand reporter did not transcribe into longhand writing his said shorthand notes and certify and file the same within the time required by law. Without conceding that the failure to file the transcript of testimony with the clerk of the superior court within ten days from the day on which the order holding the defendant to

answer was made could justify an order setting aside the information, the objection that it was not so filed is fully answered by the evidence showing that it was filed on Monday, March 16, 1903, the defendant having been held to answer on March 5, 1903. March 15, 1903, fell on Sunday, and the transcript filed on the next day was therefore filed within the time prescribed by law.

As to the other objections, it appeared that the defendant demanded that the testimony taken at the examination be reduced to writing and that the magistrate appoint a shorthand reporter to take down the testimony and proceedings in shorthand.

The magistrate, upon the request of the district attorney, thereupon made an order appointing Edwin S. Parker, a stenographer, to take down the testimony and proceedings in shorthand, and transcribe the same if necessary. Such testimony and proceedings were taken down in shorthand by said Parker, and the longhand transcript thereof, regularly certified by him, filed in the office of the clerk of the superior court.

Defendant's contention in this regard appears to be, that the magistrate erred in refusing to sustain his objections to the appointment of Parker, and in refusing to hear testimony in support thereof. It was not claimed that Parker was not a competent shorthand reporter. The objection made to his appointment was not that he was not a competent shorthand reporter, but simply that he had not been shown to be such, and, further, that he was not the official reporter of any court, had not been shown to possess the qualifications of an official reporter, and that he was an employee of the district attorney.

It was not a prerequisite to the appointment of a shorthand reporter by the magistrate, under the provisions of section 869 of the Penal Code, that there should be an affirmative showing as to his qualifications, especially in view of the statement made by the magistrate that he knew said Parker to be a competent shorthand reporter, and in view of the further fact that it was not claimed that he did not in fact possess the necessary qualifications. Nor was it necessary that the person so appointed by the magistrate should be the official reporter of any court. (*People* v. *McIntyre,* 127 Cal. 423, 426.) It was held in *People* v. *McIntyre,* that there is nothing in the law expressly requiring that such a reporter shall

possess the qualifications prescribed for reporters of the superior court, and that section 270 of the Code of Civil Procedure, relating to such qualifications, applies exclusively to superior courts. It is not necessary for us to go as far as that in this case, as it was not claimed, as already shown, that Parker did not in fact possess such qualifications.

The mere fact that the reporter was an "employee" of the district attorney could not operate as a disqualification. It was not alleged in the statement of objections that he was in the slightest degree prejudiced or biased.

It thus appears that no valid objection was made to the appointment of Parker, and, therefore, there was no necessity for the taking of evidence in support of such objections.

It was further urged on the motion to set aside the information that said Parker "was not sworn at said preliminary examination, nor at all, to correctly and truly take down in shorthand, and transcribe the same, if necessary, the testimony and proceedings in said case at said preliminary examination." This objection was supported by the uncontradicted statement of defendant, contained in his affidavit in support of his motion.

In reply to this contention, it is sufficient to say that it has been held by this court that the statute does not require that the shorthand reporter appointed by a magistrate under the provisions of section 869 of the Penal Code shall be sworn. (*People* v. *Riley,* 75 Cal. 98, 101.) The provision of the Code of Civil Procedure relative to the oath to be taken by the reporter of the superior court (sec. 270) is not applicable in the case of the shorthand reporter appointed by a magistrate. (*People* v. *McIntyre,* 127 Cal. 423.)

We perceive no reason why the transcript of Parker, written out in longhand, certified by him as being a correct statement of the testimony and proceedings, and filed with the clerk, was not *prima facie* a correct statement of the testimony and proceedings, and available for use by the defendant as such. (Pen. Code, sec. 869, subd. 5.) The motion to set aside the information was properly denied.

2. Upon the hearing of the motion to set aside the information, defendant's counsel requested the court to appoint a shorthand reporter to take down the evidence, objections, and rulings, which request was by the court denied. Waiving all

other considerations, we cannot see how the defendant could possibly have been prejudiced by this ruling.

3. No error was committed in disallowing the challenge for alleged actual bias to the juror Sharp. The evidence was sufficient to warrant the court in finding that the "impression" of the juror was entirely founded upon public rumor and statements in public journals, and that he could and would act impartially and fairly upon the matters to be submitted to him. (Pen. Code, sec. 1076; *People* v. *Owens,* 123 Cal. 482, 487.)

4. We find no error in the rulings of the court relating to the evidence given by witnesses called by the district attorney upon the question of the general reputation of the defendant for truth, honesty, and integrity. The defendant had introduced evidence tending to show that his reputation in those respects was good in the community in which he lived. He was then residing in the city of Stockton. He had, two or two and one-half years prior thereto, lived near Lodi, a place in the same county, only about twelve miles distant from Stockton. It cannot be held that it was error to admit in evidence, in rebuttal, the testimony of witnesses living in and near Lodi, as to his general reputation in the community in which he had so recently lived, in the respects mentioned. The evidence introduced by him on this subject was introduced for the purpose of proving that he was a man of good character, and there was in the evidence of the rebuttal witnesses for the prosecution no such remoteness of time or place as to render it incompetent. Several other rulings are complained of, but we find none requiring extended comment.

It cannot be held that the court abused its discretion in allowing the sheriff of the county, who was a witness for the prosecution, to remain in the courtroom during the trial.

It was not error to allow the witness Zimmerman to testify that the saddle found in the defendant's house resembled in appearance the saddle that was on the horse that defendant was riding when he called at Zimmerman's house, which horse, the prosecution claimed, was the stolen animal.

Two questions asked by the prosecution were objected to as leading. If it be conceded that they were leading, the answer is, that this is a matter within the discretion of the trial court, and no abuse of that discretion is apparent.

No prejudicial error can be perceived in the admission in evidence of the coat worn by the defendant at the time of his arrest, and the saddle found in defendant's house was sufficiently connected by the evidence with the defendant and the case to entitle it to be admitted in evidence.

The motion to strike out all of the evidence of the witness McCulloch on the ground that it was hearsay was properly denied, for little, if any, of such evidence was open to that objection.

The instructions of the trial court fully and fairly declared the law applicable to the case. The portion of defendant's requested instruction 22, stricken out by the court, was substantially covered by other instructions given. There was no foundation in the evidence for defendant's requested instruction 27, and the modification thereof incorporated nothing prejudicial to his case. There was no foundation in the evidence for defendant's requested instruction "B," and his requested instruction "D" did not correctly state the law. Instruction 26 given by the court substantially included all of his requested instruction 26 that the court could properly give, and there was no error in the giving of the thirtieth instruction.

There was no error committed by the court in its rulings relative to the argument of the district attorney, and the evidence was sufficient to support the verdict.

The judgment and the order are affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.