[No. C016666. Third Dist. Dec. 20, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
DALE ALEXANDER FORRESTER, Defendant and Appellant.

[Opinion certified for partial publication.*]

*See footnote 1, *post,* page 1700.

**COUNSEL**

Jonathan D. Soglin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—In a joint trial with codefendant Mark Rego, a jury convicted defendant of second degree burglary (Pen. Code, §§ 459, 460) and failure to appear (Pen. Code, § 1320, subd. (b)). Defendant was sentenced to state prison for the two-year middle term for burglary, plus eight months consecutive for failure to appear.

On appeal, defendant contends that an instruction to the jury in terms of the presumption contained in Penal Code section 1320, subdivision (b) unconstitutionally subverts the presumption of innocence and invades the province of the jury. The court instructed that "it should [*sic*] be presumed that a defendant who willfully fails to appear within 14 days of the date assigned for his or her appearance intended to evade the process of the court." In the published part of this opinion we shall hold that the statute, to

the extent it mandates such an instruction, is constitutionally infirm, but that the instruction did not prejudice defendant.

Defendant makes numerous other contentions of error all of which we reject in the unpublished part of this opinion.[1] Accordingly, we shall affirm the judgment.

Defendant was arrested and charged with burglary. He was released on his own recognizance after he signed a written promise to appear in court on August 11, 1992. (Pen. Code, § 1318.) Defendant did not appear and a warrant of arrest issued. He was arrested on the warrant 35 days later on September 15, 1992.

At trial defendant admitted that he signed a written promise to appear in court on August 11 and that he did not appear as promised. Defendant testified that he did not come to court on August 11 because he "never did anything wrong to have to come to Court."

I.

 Defendant moved for new trial on the ground the jury was misinstructed on an element of the charge of failure to appear. Defendant assigns the denial of the motion as error.

Penal Code section 1320, subdivision (b) provides: "Every person who is charged with the commission of a felony who is released from custody on his or her own recognizance and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony, and upon conviction shall be punished by a fine not exceeding five thousand dollars ($5,000) or by imprisonment in the state prison, or in the county jail for not more than one year, or by both such fine and imprisonment. *It shall be presumed that a defendant who willfully fails to appear within 14 days of the date assigned for his or her appearance intended to evade the process of the court.*" (Italics added.)

In accordance with Penal Code section 1320, subdivision (b), the trial court instructed the jury, "It should [*sic*] be presumed that a defendant who

---

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II through VII.

willfully fails to appear within 14 days of the date assigned for his or her appearance intended to evade the process of the court."[2]

On appeal, defendant argues, as he did on motion for new trial, that this instruction creates a conclusive or mandatory presumption relieving the People of the burden of proving an element of the charged offense beyond a reasonable doubt.

■ An element of the crime of failure to appear is that the failure must be with the specific intent to evade the process of the court. (*People* v. *Wesley* (1988) 198 Cal App 3d 519, 522-524 [243 Cal.Rptr. 785]; see *People* v. *Sutton* (1993) 19 Cal.App.4th 795, 799-800, 805 [23 Cal.Rptr.2d 632].) ■ We agree that the statutory presumption on which the jury was instructed relieves the People of proving the specific intent element of the charge. The instruction, which mirrors the last sentence of Penal Code section 1320, subdivision (b), is phrased as a command to the jury to find the required specific intent once the People prove the predicate facts. Nor is the mandate of the instruction mitigated by any direction to the jury to consider other evidence adduced on the issue of intent. (See *Carella* v. *California* (1989) 491 U.S. 263, 265 [105 L.Ed.2d 218, 222, 109 S.Ct. 2419].)

The United States Supreme Court explained why it condemned a similar instruction in *Carella* v. *California, supra,* 491 U.S. 263 [105 L.Ed.2d 218]: "The Due Process Clause of the Fourteenth Amendment denies States the power to deprive the accused of liberty unless the prosecution proves beyond a reasonable doubt every element of the charged offense. [Citation.] Jury instructions relieving States of this burden violate a defendant's due process rights. [Citations.] Such directions subvert the presumption of innocence accorded to accused persons and also invade the truth-finding task assigned solely to juries in criminal cases. [¶] We explained in [*Francis* v. *Franklin* (1985) 471 U.S. 307 (85 L.Ed.2d 344, 105 S.Ct. 1965), and *Sandstrom* v. *Montana* (1979) 442 U.S. 510 (61 L.Ed.2d 39, 99, 99 S.Ct. 2450)] that courts should ask whether the presumption in question is mandatory, that is, whether the specific instruction, both alone and in the context of the overall charge, could have been understood by reasonable jurors to require them to find the presumed fact if the State proves certain predicate facts." (*Carella* v. *California, supra,* 491 U.S. 263, 265 [105 L.Ed.2d 218, 221-222].)

Under the mandatory presumption in the challenged instruction, the People need only establish the predicate facts of willful failure to appear within

---

[2] A written copy of the instructions was provided to the jury. As written, the instruction quoted in the text read, "It shall be presumed . . . ," not, "It should be presumed . . . ." In argument the prosecutor quoted the instruction as it was written and provided to the jury, using the word, "shall." The parties have not focused on this disparity between the instruction as written and as given orally and we consider it of no significance.

14 days of the assigned appearance date. A jury so instructed then has no alternative but to find the failure to appear was with the intent to evade the process of the court. The effect of the instruction is to relieve the prosecution of its burden of proving that element of the charge beyond a reasonable doubt and to deprive the defendant of his right to have the jury determine each element of the crime. (*Carella v. California, supra,* 491 U.S. at p. 266 [105 L.Ed.2d at p. 222].)

Notwithstanding, we conclude the instructional error was harmless beyond a reasonable doubt. ■ Constitutional error of this type is harmless if "the predicate facts conclusively establish intent, so that no rational jury could find that the defendant committed the relevant criminal act but did not *intend* to cause injury . . . . In that event, the erroneous instruction is simply superfluous." (*Carella v. California, supra,* 491 U.S. at p. 266 [105 L.Ed.2d at p. 222], original italics.) ■ Here, the predicate facts are the willful failure to appear within 14 days of the assigned appearance date. The predicate fact of failure to appear must be committed willfully. When applied to the intent with which an act is done or omitted, "[t]he word 'willfully' . . . implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." (Pen. Code, § 7, subd. 1.) Proof of these predicate facts does not irrefutably establish an intent to evade the process of the court, and the challenged instruction therefore cannot be said to be harmlessly superfluous. (See *Carella v. California, supra,* 491 U.S. at p. 266 [105 L.Ed.2d at p. 222].)

Nevertheless, we remain satisfied the constitutionally defective instruction "did not play any role in the jury's verdict." (*Connecticut v. Johnson* (1983) 460 U.S. 73, 87 [74 L.Ed.2d 823, 834, 103 S.Ct. 969].) Willful failure to appear within 14 days of the date on which defendant has given his written promise to appear, although not conclusive, is strong circumstantial evidence of an intent to evade the process of the court.

When defendant gave his written promise, he promised to appear not only on August 11 but also on August 4. Defendant made neither appearance but he was charged only with the August 11 failure. At trial defendant testified and admitted he had promised to appear on August 4 and August 11 and failed to do so. He excused his August 4 failure on the ground circumstances beyond his control rendered it impossible to appear, testifying his vehicle had "broken down on August 4 and he called the court and informed it why he could not appear." Thus it is clear that defendant was well aware of his obligations with respect to his promises to appear. As to his August 11 failure to appear, defendant testified that he did not appear because "I never

did anything wrong to have to come to Court." Thus, defendant judicially admitted every element of the charge except intent. Given the opportunity to negative criminal intent, defendant offered an explanation but not an excuse.

Defendant's testimonial "explanation" of his August 11 default is no defense to the charge and, under the circumstances, is pregnant with admission of his intent to evade the process of the court. (See *Connecticut* v. *Johnson,* 460 U.S. 73, 87 [74 L.Ed.2d 823, 834].) Defendant's failure on August 11 was not due to reasons beyond his control nor was it excusably inadvertent. Rather, there is overwhelming circumstantial evidence that defendant's failure to appear was with intent to evade the process of the court and, despite defendant's testimony, no evidence to the contrary. Had the erroneous instruction on the presumption not been given, we are satisfied beyond a reasonable doubt the jury would nevertheless have found defendant's failure to appear was with the intent to evade the process of the court.

Since we affirm, there is no need to instruct the trial court on remand how to deal with a statute which we have held constitutionally infirm. Nevertheless, since the question will inevitably arise in other cases, it is appropriate to address that issue now.

The Supreme Court dealt with a similar issue in *People* v. *Roder* (1983) 33 Cal.3d 491, 501 [189 Cal.Rptr. 501, 658 P.2d 1302]. The *Roder* court reversed a conviction for violation of Penal Code section 496, subdivision 2 (Stats. 1976, ch. 1139, § 224, pp. 5124-5125). The court held it was constitutional error to instruct the jury as required by Penal Code section 496 on the presumption of guilty knowledge applicable to secondhand dealers. (33 Cal.3d at p. 504). The court declined to strike the statutory presumption in its entirety but chose instead—to save its constitutionality—to construe it as a legislatively prescribed permissive inference on which a jury should be instructed when the prosecution has proved the predicate facts on which the statutory presumption is based. (33 Cal.3d at pp. 505-506.) The court emphasized an instruction which informs the jury of a permissive inference must make clear that the prosecution retains the burden of proving every element of the offense beyond a reasonable doubt. (33 Cal.3d at p. 507.)

■ Henceforth, in prosecutions for violation of Penal Code section 1320, subdivision (b), when the People have produced proof of defendant's willful failure to appear within 14 days of defendant's assigned appearance date, the trial court should instruct the jury that it is permitted, but not required, to infer therefrom that defendant intended to evade the process of the court.

## II.-VII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Sparks, J., and Nicholson, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 29, 1995.

---

*See footnote 1, *ante*, page 1700.