[No. C042763. Third Dist. July 11, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
BRANDON CHARLES WILLIAMS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III, and IV.

## Counsel

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Matthew L. Cate, Laura Wetzel Simpton and Maggy Krell, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SCOTLAND, P. J.**—Late at night, while driving a car that was stolen in a carjacking, defendant Brandon Charles Williams attempted to elude a peace officer who was following him. When defendant ran a stop light, the officer activated the patrol car's red lights and siren, and pursued him onto a freeway. Defendant turned off the lights of the stolen car and drove it at over 120 miles per hour in the dark, weaving in and out of traffic. On an offramp, he lost control of the car, which rolled over and came to rest in a field. The car caught fire and Venus Foster, a passenger trapped in the front seat, was killed. Defendant, who was able to get out of the burning car, was found hiding nearby.

A jury convicted defendant of second degree murder (Pen. Code, § 187, subd. (a)) and causing the death of another while fleeing in a vehicle from a pursuing peace officer (Veh. Code, § 2800.3; further section references are to the Vehicle Code unless otherwise specified). The prosecutor tried the murder charge on two theories, implied malice and second degree felony murder based on a violation of section 2800.2, driving "in a willful or wanton disregard for the safety of persons or property" while attempting to elude a pursuing peace officer. The verdict does not disclose which theory the jury adopted. Sentenced to a term of 15 years to life in state prison, defendant appeals.

In an opinion filed on March 15, 2004, we rejected defendant's contention that the judgment must be reversed because section 2800.2 employs an impermissible mandatory presumption. However, we agreed that section 2800.2 cannot serve as a basis for second degree murder because the statute is not an inherently dangerous felony for purposes of the second degree felony-murder rule.

The California Supreme Court granted review and deferred further action in this cause pending that court's decision in another case, which it later filed on January 27, 2005. (*People v. Howard* (2005) 34 Cal.4th 1129 [23 Cal.Rptr.3d 306, 104 P.3d 107] (hereafter *Howard*).) In *Howard*, the Supreme Court concluded, as we had done in this cause, that section 2800.2 is not an inherently dangerous felony for purposes of the second degree felony-murder rule. On June 8, 2005, the Supreme Court transferred this cause to us with directions to vacate our decision and reconsider the cause in light of *Howard*. We have done so.

In the published part of this opinion, we again reject defendant's claim that section 2800.2 employs an impermissible mandatory presumption. As we will explain, it simply establishes a rule of substantive law by setting forth the Legislature's definition of what qualifies as a violation of that section.

In the unpublished parts of our opinion, we address defendant's additional claims of error. Among other things, we again conclude the conviction for second degree felony murder, based on his violation of section 2800.2, cannot stand. Although overwhelming evidence supports a finding of second degree murder on the basis of implied malice, we must reverse the conviction because it is conceivable that the conviction was based only on the erroneous theory of second degree felony murder. And once again, we quote the astute observation of Justice George Hopper in *People v. Houts* (1978) 86 Cal.App.3d 1012 [150 Cal.Rptr. 589]. "The lesson to be learned" is in their zeal to obtain convictions, prosecutors must be extremely careful to not advance an alternate theory of guilt that turns out to be erroneous; "[t]he use of a well aimed and finely honed blade, rather than the scattergun with its dangerous spray effect, is often the most effective method of assuring a successful and final victory." (*Id.* at pp. 1021–1022; see also *People v. Sanchez* (2001) 86 Cal.App.4th 970, 981–982 [103 Cal.Rptr.2d 808, 103 Cal.Rptr.2d 809].)

DISCUSSION

I

■ Section 2800.1 provides that when, with the intent to evade, the driver of a motor vehicle willfully flees or attempts to elude a pursuing peace officer's motor vehicle or bicycle under circumstances specified in section 2800.1, the person is guilty of a misdemeanor.[1]

Section 2800.2, subdivision (a), provides that when a person drives "in a willful or wanton disregard for the safety of persons or property" while fleeing or attempting to elude a pursuing peace officer in violation of section 2800.1, the person is subject to prosecution for either a felony or a misdemeanor. (§ 2800.2, subd. (a).)

In subdivision (b) of section 2800.2, the Legislature has specified that, "[f]or purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more [specified traffic] violations . . . occur, or damage to property occurs."

Defendant contends that subdivision (b) of section 2800.2 "employ[s] a constitutionally prohibited mandatory presumption" "by describing [the willful or wanton disregard for the safety of persons or property element] of the offense in terms of specific Vehicle Code violations . . . ." We disagree.

■ A mandatory presumption tells the trier of fact that if a specified predicate fact has been proved, the trier of fact *must* find that a specified

---

[1] Subdivision (a) of section 2800.1 states: "Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor if all of the following conditions exist: [¶] (1) The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp. [¶] (2) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary. [¶] (3) The peace officer's motor vehicle is distinctively marked. [¶] (4) The peace officer's motor vehicle is operated by a peace officer . . . and that peace officer is wearing a distinctive uniform."

Subdivision (b) of section 2800.1 states: "Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's bicycle, is guilty of a misdemeanor if the following conditions exist: [¶] (1) The peace officer's bicycle is distinctively marked. [¶] (2) The peace officer's bicycle is operated by a peace officer . . . and that peace officer is wearing a distinctive uniform. [¶] (3) The peace officer gives a verbal command to stop. [¶] (4) The peace officer sounds a horn that produces a sound of at least 115 decibels. [¶] (5) The peace officer gives a hand signal commanding the person to stop. [¶] (6) The person is aware or reasonably should have been aware of the verbal command, horn, and hand signal, but refuses to comply with the command to stop."

factual element of the charge has been proved, unless the defendant has come forward with evidence to rebut the presumed connection between the two facts. (*Ulster County Court v. Allen* (1979) 442 U.S. 140, 157 [60 L.Ed.2d 777, 792, 99 S.Ct. 2213]; *People v. McCall* (2004) 32 Cal.4th 175, 182 [8 Cal.Rptr.3d 337, 82 P.3d 351].) In criminal cases, a mandatory presumption offends constitutional principles of due process of law because it relieves the prosecutor from having to prove each element of the offense beyond a reasonable doubt. (*Ulster County Court v. Allen, supra,* 442 U.S. at p. 157 [60 L.Ed.2d at p. 792]; *People v. McCall, supra,* 32 Cal.4th at pp. 183–184; *People v. Roder* (1983) 33 Cal.3d 491, 496–498 [189 Cal.Rptr. 501, 658 P.2d 1302].)

For example, in *Carella v. California* (1989) 491 U.S. 263 [105 L.Ed.2d 218, 109 S.Ct. 2419], Eugene Carella was accused of grand theft for failing to return a rented car. Applying statutory presumptions, the trial court instructed the jury that (1) a person is presumed to have embezzled a vehicle if it is not returned within five days of the expiration of the rental agreement (§ 10855), and (2) the intent to commit theft by fraud is presumed if a person fails to return rented property to its owner within 20 days of demand (Pen. Code, § 484, former subd. (b), as amended by Stats. 1980, ch. 1090, § 1, p. 3501). Concluding that the instructions violated the Fourteenth Amendment, the United States Supreme Court explained: "These mandatory directions directly foreclosed independent jury consideration of whether the facts proved established certain elements of the offenses with which Carella was charged. The instructions also relieved the State of its burden of proof articulated in [*In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]], namely, proving by evidence every essential element of Carella's crime beyond a reasonable doubt." (*Carella v. California, supra,* 491 U.S. at p. 266 [105 L.Ed.2d at p. 222]; see also *People v. Forrester* (1994) 30 Cal.App.4th 1697, 1700–1702 [37 Cal.Rptr.2d 19].)

However, there is no impermissible mandatory presumption when a statute creates a rule of substantive law by defining in precise terms conduct that establishes an element of the offense as a matter of law. (*People v. McCall, supra,* 32 Cal.4th at pp. 185–186, 187–188; *People v. Dillon* (1983) 34 Cal.3d 441, 474 [194 Cal.Rptr. 390, 668 P.2d 697].)

For example, former subdivision (f) of Health and Safety Code section 11383, which stated that possession of red phosphorous and iodine with the intent to manufacture methamphetamine "shall be deemed" to be possession of hydriodic acid with the intent to manufacture methamphetamine, did not create an unconstitutional mandatory presumption. It "simply created a rule of substantive law." (*People v. McCall, supra,* 32 Cal.4th at p. 188.) Indeed, it

"contained no presumption at all. Instead, [the statute] was nothing more than a definitional section that specified the conduct 'deemed' criminal . . . . Substantive due process allows lawmakers broad power to select the elements of crimes, and to define one thing in terms of another." (*Id.* at p. 189.)

■ Likewise, *People v. Pinkston* (2003) 112 Cal.App.4th 387 [5 Cal.Rptr.3d 274] held: "Subdivision (b) of Vehicle Code section 2800.2 does not state a mandatory presumption. Rather, it sets out the Legislature's *definition* of what qualifies as willful and wanton conduct under subdivision (a). Although Vehicle Code section 2800.2 uses the phrase 'willful or wanton disregard for the safety of persons or property' to describe an element of reckless evading, the statute defines this element so that it may be satisfied by proof of property damage or by proof of that the defendant committed three Vehicle Code violations. Thus, section 2800.2, subdivision (b) establishes a rule of substantive law rather than a presumption apportioning the burden of persuasion concerning certain propositions or varying the duty of coming forward with evidence. [Citation.] In other words, evasive driving during which the defendant commits three or more specified traffic violations *is* a violation of section 2800.2 '*because of the substantive statutory definition of the crime*' rather than because of any presumption. [Citation.] Since there is no presumption, due process is not violated. [Citation.]" (*Id.* at pp. 392–393, orig. italics.)

We agree. Subdivision (b) of section 2800.2 bears no resemblance to the scheme considered in *Carella v. California, supra,* 491 U.S. 263 [105 L.Ed.2d 218]. It simply defines the element of "a willful or wanton disregard for the safety of persons or property" as behavior that includes driving while fleeing or attempting to elude a pursuing peace officer, during which time three or more specified traffic violations occur or damage to property occurs. "[I]t is emphatically the role of the Legislature, within constitutional limits, to define offenses and prescribe punishments. [Citations.]" (*People v. Penoli* (1996) 46 Cal.App.4th 298, 306, fn. 6 [53 Cal.Rptr.2d 825].)

Because subdivision (b) of section 2800.2 establishes a rule of substantive law rather than a presumption that varies the burden of proof, we reject defendant's claim that the trial court erred by instructing the jury in accordance with the statute.

II–IV\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

\*See footnote, *ante,* page 1440.

## DISPOSITION

Defendant's conviction for violating section 2800.3 is affirmed. The sentence imposed but stayed on that count pursuant to Penal Code section 654 is vacated. Defendant's conviction and sentence for second degree murder are reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Morrison, J., and Robie, J., concurred.