Filed 11/30/21

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JESUS VALDERAS,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent:<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | D078735<br><br><br>(Super. Ct. No. SCE384876) |

ORIGINAL PROCEEDING in mandamus to compel Superior Court of San Diego County to recall bench warrant.  Steven E. Stone, Judge.  Relief denied.

Angela Bartosik, Chief Deputy Public Defender and Jeremy Kennedy Thornton, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Summer Stephan, District Attorney, Mark A. Amador, Linh Lam, and Kimberly M. Roth, Deputy District Attorneys, for Real Party in Interest.

Jesús Valderas, who is facing several felony charges, did not appear at a status conference/trial call on October 20, 2020.  It was the second

consecutive court appearance that Valderas missed. The trial court issued a bench warrant for Valderas but ordered the warrant to be held until December 8, 2020, the date on which the court had set a readiness conference. The court sent notice to Valderas by mail to his last known address. When Valderas did not appear at the December 8 hearing, the court lifted its hold on the bench warrant.

In this mandamus proceeding, Valderas seeks a writ of mandamus to recall the December 8 bench warrant. We deny Valderas's requested relief.

FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2018, Valderas was charged with corporal injury to spouse and/or roommate (Pen. Code,[1] § 273.5, subd. (a); count 1); making a criminal threat (§ 422; count 2); and false imprisonment by violence, menace, fraud, or deceit (§§ 236/237, subd.(a); count 3). In addition, the complaint alleged Valderas had suffered two serious felony prior convictions within the meaning of sections 667, subdivision (a)(1) and (b)-(i), 668, and 1170.12. Valderas was arraigned on the complaint on October 31, 2018. At the arraignment, Valderas was out of custody on bail and present for the hearing. He pled not guilty to the charges and denied the allegations. The trial court set a readiness conference for November 14, 2018 and a preliminary hearing for December 18, 2018. Valderas was ordered to appear.

Valderas appeared at the November 14 hearing. He waived time for his preliminary hearing and the court set new dates with a readiness conference on January 16, 2019 and a preliminary hearing on February 6, 2019. The court ordered Valderas to appear at the readiness conference and the preliminary hearing.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

2

Valderas then appeared at no fewer than 12 consecutive hearings in which new dates were set (including his trial date).  At a hearing on December 17, 2019, the prosecution filed an amended complaint, charging Valderas with one count of rape (§ 261, subd. (a)(2)).[2]  The last hearing that Valderas attended was on March 9, 2020.  At that hearing, a readiness conference was scheduled for March 30, 2020 and the trial date remained April 14, 2020.

After the March 9 hearing, the effects of the COVID-19 pandemic interrupted the San Diego Superior Court system.  So, on March 16, 2020, the San Diego Superior Court issued a news release stating the court would be closed from March 17, 2020 to April 3, 2020.  This closure covered "[a]ll criminal proceedings including arraignments, readiness, pre-trial motions, trials and sentencing."

On March 18, 2020, the presiding judge of the San Diego Superior Court issued a general order that set forth what services would be available at the superior court between March 17 and April 3, 2020.  Except for the listed "essential" services, which did not include criminal readiness conferences or criminal jury trials, the order stated that all other matters had been continued by the court.

On April 3, 2020, the presiding judge of the San Diego Superior Court issued another general order, expanding the list of essential functions that would be provided by the court through April 30, 2020 (criminal readiness conferences and criminal jury trials remained unincluded).  The order specified:  "All other matters scheduled from April 6, 2020, inclusive, to April 30, 2020, inclusive, are continued and will be reset.  Notice will be

---

[2]     In the amended information, the rape charge became count 1 and the previously charged offenses were renumbered accordingly.

3

provided to all parties." Therefore, the court was closed on the date set for Valderas's trial (April 14, 2020).

On August 24, 2020, a "Notice of Rescheduled Hearing" was filed. That notice ordered Valderas to appear at a virtual hearing, for trial call, on September 22, 2020. The notice also directed individuals to visit the court website for instructions on how to appear virtually. The notice bears a stamp indicating that it was mailed to Valderas on August 24, 2020, and emails to the prosecutor and the public defender were sent on that date as well.

On September 8, 2020, the presiding judge of the San Diego Superior Court extended the time period provided in section 1382 for the holding of a criminal trial by 30 days, applicable only to cases in which the original or previously extended statutory deadline otherwise would expire from September 12, 2020 to October 18, 2020.

On September 22, 2020, Valderas did not appear at the scheduled hearing. Valderas's counsel explained to the court that she typically only has contact with Valderas when he comes to court. She also told the court that Valderas is "always in a flux with having access to a cell phone," and she was not surprised by her lack of contact with him. Defense counsel asked the court not to issue a bench warrant "because the situation is beyond [Valderas's] control and created by the pandemic." Counsel then asked for at least four weeks to work with her investigator to find additional addresses for Valderas. The court found good cause to continue the hearing and set the case for a status conference/trial call on October 20, 2020.

On October 7, 2020, the presiding judge of the San Diego Superior Court again extended the time period provided in section 1382 for the holding of a criminal trial by 30 days, applicable only to cases in which the original or

4

previously extended statutory deadline otherwise would expire from October 12, 2020 to November 18, 2020.[3]

On October 20, 2020, Valderas again did not appear at the scheduled hearing. His counsel reiterated that she typically only has contact with Valderas at court hearings. Defense counsel maintained that she had no information indicating that Valderas received notice of the hearing. She also stated that Valderas "was kind of hopping around different places." The court observed:

> "Notice was mailed out to [Valderas] for the last hearing, so keeping the Court updated what address he has, he also should be in contact with counsel. I want to give him an additional opportunity to contact counsel or counsel to contact him. I do believe a bench warrant can be issued and held for the next hearing, which would be appropriate, and we can talk about it at that time as well."

Valderas's counsel objected to the bench warrant on the grounds that the court did not have "any evidence to suggest [Valderas] received notice" of the hearing. Defense counsel also implied that Valderas had limited financial means and may not have access to a cell phone or the internet. Ultimately, the court issued but held the bench warrant until the next hearing. In addition, the court invited defense counsel to brief the issue of whether the court could issue a bench warrant in the instant matter. The court explained:

> "I'd like to know legal[ly] what obligations defendant has. It looks to me from the court file that notice was mailed to the address the court had for the defendant. [¶] I'm also hearing that he has not been in contact with his attorney,

---

[3]     Since October 7, 2020, the presiding judge has issued a series of orders continuing the time period provided in section 1382 for the holding of a criminal trial by 30 days, applicable to those trials that were to begin within a certain date range.

5

and I have to believe that at some point under the law the defendant does have certain obligations to follow his case, give the court a good address, and stay in touch with counsel. However, if I'm legally wrong I would definitely like to know that, so I will give defense counsel an opportunity to do so at the next hearing."

Additionally, the court expressed its concerns that Valderas was facing "serious charges[,]" "and[,] so[,] for this defendant to not find a way to remain in contact with either the court or counsel raises a lot of concern for this Court and the defendant's [a]bility to be out on bond pending a trial in this case." Yet, the court found good cause to continue the jury trial until February 23, 2021 and set a readiness conference for December 8, 2020. The court indicated that it would send notice to Valderas about the hearing dates to his last known address.

Valderas did not appear at the December 8, 2020 hearing. Valderas's counsel asked the court to continue to hold the bench warrant. She represented to the court that Valderas did not "have a stable place to live and didn't have a working cell phone." Defense counsel also pointed out that, before the pandemic, Valderas never missed a court date and, previously, Valderas only received notice because he was present in court. Counsel further argued that failure to appear was a specific intent crime. The court disagreed with counsel, noting it did not believe it had "to prove a criminal case here." The court noted that the file indicated notice was mailed to the address the court had on file for Valderas and "believe[d] it was mailed to two different addresses." The court further explained:

> "I am looking at very serious charges, a potential three strike case . . . . I have given multiple chances to this defendant to either appear, contact counsel, whatever else you would like, but at some point he has an obligation to either update the court or the DMV of his address. [¶] So what you're asking the Court to do, and the burden you're

6

trying to place on the Court is not required under the law as far as I've reviewed and understand it. I believe that we've provided the defendant notice as required in the law, he has failed to appear in this case, at this time I will issue a $150,000 bench warrant."

Therefore, the court lifted its hold on the bench warrant.

On January 28, 2021, Valderas's counsel attempted to informally address the legality of the warrant with the prosecutor and the court. After counsel explained to the court what she wanted to discuss, the court declined to meet with counsel and the prosecutor.

On March 29, 2021, Valderas filed a petition for writ of mandamus, in this court, seeking an order to set aside the December 8, 2020 bench warrant. We summarily denied the petition. Valderas then sought review by the California Supreme Court, which the court granted. It then transferred the matter back to this court with directions to vacate our order denying mandamus and to issue an order directing the respondent to show cause why the relief sought in the petition should not be granted.

Per our high court's direction, we vacated our April 2, 2021 order denying the petition for writ of mandamus and issued an order to show cause why the relief sought in the petition should not be granted. The People, the real party in interest, were to file a return by July 31, 2021, and Valderas could file a reply by August 10, 2021. The return and reply were timely filed, which, along with the petition and all the attached exhibits, were considered by this court.

DISCUSSION

Section 978.5 authorizes a trial court to issue a bench warrant under certain circumstances. To that end, subdivision of (a) of section 978.5 provides:

> "A bench warrant of arrest may be issued whenever a defendant fails to appear in court as required by law including, but not limited to, the following situations:
>
> "(1) If the defendant is ordered by a judge or magistrate to personally appear in court at a specific time and place.
>
> "(2) If the defendant is released from custody on bail and is ordered by a judge or magistrate, or other person authorized to accept bail, to personally appear in court at a specific time and place.
>
> "(3) If the defendant is released from custody on their own recognizance and promises to personally appear in court at a specific time and place.
>
> "(4) If the defendant is released from custody or arrest upon citation by a peace officer or other person authorized to issue citations and the defendant has signed a promise to personally appear in court at a specific time and place.
>
> "(5) If a defendant is authorized to appear by counsel and the court or magistrate orders that the defendant personally appear in court at a specific time and place.
>
> "(6) If an information or indictment has been filed in the superior court and the court has fixed the date and place for the defendant personally to appear for arraignment."

(§ 978.5, subd. (a).)[4]

---

[4] At the time the trial court issued the bench warrant for Valderas, the former section 978.5, subdivision (a) included an additional enumerated situation that is not applicable here.

The enumerated situations in subdivision (a) are not exhaustive regarding under which circumstances a defendant is required by law to appear in court. (See *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 123.) Yet, at the most basic level, section 978.5 empowers a trial court to issue a bench warrant when a defendant is required to appear in court by law and the defendant does not appear as required.

Section 977, subdivision (b) explains at which court proceedings a defendant who was charged with a felony is required to appear. That subdivision states:

> "Except as provided in subdivision (c), in all cases in which a felony is charged, the accused shall be personally present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present, as provided by paragraph (2). If the accused agrees, the initial court appearance, arraignment, and plea may be by video, as provided by subdivision (c)."

(§ 977, subd. (b)(1).)

In the instant action, it is undisputed that Valderas has been charged with a felony. There is no indication that Valderas signed the appropriate written wavier of his right to be personally present at certain court hearings. Valderas currently is out of custody on bail. And Valderas did not appear at a trial call on September 22, 2020, a status conference/trial call on October 20, 2020, and a readiness conference on December 8, 2020. Therefore, the record here suggests that Valderas was legally required to appear at the September 22, October 20, and December 8 hearings, but did

9

not appear at any of them. Consequently, the trial court seems to have been authorized under section 978.5 to issue a bench warrant.

Nonetheless, Valderas argues the December 8 bench warrant must be recalled because there was no evidence before the court, at the time it lifted its hold on the bench warrant, that Valderas had actual notice that he was required to appear. Put differently, Valderas argues that a court may only issue a bench warrant if it can show that the subject defendant had actual notice of the hearing date he or she missed. The wrinkle here is that the COVID-19 pandemic caused the San Diego Superior Court to close for all criminal proceedings and continue all hearing and trial dates, thus requiring new dates be set for Valderas's upcoming hearings and trial.

On March 9, 2020, at a hearing in which Valderas was present, the trial court set a readiness conference for March 30, 2020 and trial remained April 14, 2020. However, on March 16, 2020, the court announced it would be closed for all criminal proceedings from March 17 to April 3, 2020. So, Valderas would not be able to appear at the March 30 hearing because the court was closed.

Moreover, on April 3, 2020, the court indicated that all matters scheduled from April 6, 2020 to April 30, 2020 would be continued and reset. The court indicated that it would provide notice to all parties. Accordingly, Valderas's trial, which was to be held on April 14, could not go forward, again, because the court was closed.

The record indicates that the court mailed Valderas a "Notice of Rescheduled Hearing" on August 24, 2020, detailing that trial call would be held on September 22, 2020. In addition, at the December 8 hearing, the

10

court represented that the file showed that notice of the December 8 hearing was mailed to two different addresses the court had on file for Valderas.[5]

Valderas does not dispute that the notices were mailed. That said, his counsel represented to the court that Valderas was "couch surfing" with no set living address and infrequent access to a cell phone. Based on these representations, Valderas insists there is no evidence that he had actual notice of the hearings, and, without actual notice, the court could not issue a bench warrant under section 978.5. Yet, there is no actual notice requirement in the statute. Nor is there any case law that states section 978.5 requires a court to find that a defendant received actual notice of a hearing date at which he or she did not appear before issuing a bench warrant.[6]

Nevertheless, in support of his position, Valderas refers us to several cases, none of which address the situation before us. For example, in *Inquiry Concerning Velasquez* (2007) 49 Cal.4th CJP Supp. 175 (*Velasquez*), a superior court judge was charged with several instances of judicial misconduct, including "improperly issuing bench warrants for absent defendants (whose absence had been excused pursuant to [section] 977)."[7]

---

[5] Copies of the mailed notices of the December 8, 2020 hearing are not in the record before us.

[6] As the District Attorney noted during oral argument, based on the record before us, how do we know that Valderas did not receive notice of the hearings? Notice was mailed to Valderas at his last known address. However, because he appeared at previous hearings but did not appear at the three most recent hearings, Valderas's counsel is asking us to assume that Valderas did not have notice.

[7] Section 977 allows an individual charged only with a misdemeanor to appear by counsel, subject to certain exceptions.

11

(*Velasquez*, at p. 183.)  The California Commission on Judicial Performance explained why the judge improperly issued the bench warrants:

> "Penal Code section 978.5, subdivision (a), provides that a bench warrant may be issued whenever a defendant 'fails to appear in court as *required by law*' . . . .  Since a misdemeanor defendant who has authorized an attorney to appear on his or her behalf [under section 977] is not required to appear . . . , a warrant cannot issue."

(*Velasquez*, at p. 210.)

Despite the fact that *Velasquez* is clearly factually distinguishable from the instant matter, Valderas relies on a footnote in that opinion in which the Commission notes:  "[I]ssuance of a bench warrant is only proper when an absent defendant is required by law to appear and has been provided notice." (*Velasquez*, *supra*, 49 Cal.4th CJP Supp. at p. 211, fn. 2.)  But this general proposition is not necessarily helpful to Valderas's cause here.  It does not support Valderas's argument that the court must do more than mail a defendant notice of an upcoming hearing in which the defendant is required to appear.

Similarly, we find the other cases relied on by Valderas not instructive on the issue before us.  (See *People v. Carroll* (2014) 222 Cal.App.4th 1406 (*Carroll*); *People v. Mohammed* (2008) 162 Cal.App.4th 920 (*Mohammed*); *People v. Jenkins* (1983) 146 Cal.App.3d 22 (*Jenkins*).)  These three cases concern challenges to a defendant's conviction for willful failure to appear. (See *Carroll*, at pp. 1408-1409, 1421-1422 [substantial compliance with the requirements of section 1318 were sufficient to support the conviction of the defendant for failure to appear]; *Mohammed*, at p. 933 [insufficient evidence to support conviction for willful failure to appear when there was no evidence that the requirements of section 1318 were satisfied]; *Jenkins*, at p. 27 [same].)  Here, Valderas has not been convicted of willful failure to appeal.

Instead, the trial court issued a bench warrant for his failure to appear and Valderas claims the court lacked authority to do so. Thus, *Carroll*, *Mohammed*, and *Jenkins* do not support Valderas's challenge in the instant matter.

However, Valderas argues *Carroll*, *Mohammed*, and *Jenkins* underscore the need to harmonize sections 978.5, 1320, and 1320.5. We disagree. None of those cases discusses section 978.5 or explains the relationship between the three statutes. Sections 1320 and 1320.5 define the elements of crimes involving a defendant who willfully fails to appear in court as required with the specific intent to evade the process of the court. (See §§ 1320, 1320.5; *People v. Forrester* (1994) 30 Cal.App.4th 1697, 1701-1702.)[8] The prosecutor must prove these elements to convict a defendant of willfully failing to appear.

In comparison, section 978.5 does not set forth the elements of any crime. Rather, that section simply establishes when a court may issue a bench warrant for a defendant who has failed to appear in court as required by law. The issuing of the bench warrant is not equivalent to a conviction for failure to appear. There is no requirement that the court must have evidence that a defendant would be held liable under all the elements of willful failure to appear before issuing a bench warrant. And even if a bench warrant is issued, a defendant is arrested under that warrant, and the defendant faces trial on that charge, the prosecution will bear the burden to prove that the defendant's absence at the hearing was willful. In satisfying its burden, the

---

8      Section 1320 applies to a "person . . . charged with or convicted of a misdemeanor" (§ 1320, subd. (a)) or "a felony" (§ 1320, subd. (b)) who was released from custody on his or her own recognizance. Section 1320.5 applies to a "person . . . charged with or convicted of the commission of a felony" "who is released from custody on bail[.]" (§ 1320.5.)

prosecution would no doubt have to show that the defendant knew about the hearing (i.e., had actual notice). Because section 978.5 and sections 1320 and 1320.5 serve very different purposes, we see no need to add an additional prerequisite, which is not contained in the statute itself, to section 978.5. Essentially, Valderas is asking us to add language to a statute. That is not the province of this court. (See *Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 529.)

Undeniably, the devastating impacts of the COVID-19 pandemic have reached every facet of society, including the San Diego Superior Court. The court closed its doors for the safety and well-being of its staff, lawyers, and the public it serves. With the court closed and hearings and trial dates continued, the court had to notify criminal defendants of their new hearing dates through the mail at the addresses provided by the defendants. Considering the situation, this method of providing notice was not only reasonable but necessary. Moreover, in the instant matter, the court gave Valderas multiple opportunities and additional time to contact the court and/or his attorney. The court also allowed Valderas's counsel additional time to locate Valderas. The court asked counsel to submit briefing regarding why the court could not issue a bench warrant under the circumstances presented. Further, only after Valderas missed his third consecutive hearing did the court release its hold on the bench warrant. Short of the court

14

tracking down Valderas itself, we do not know what else the court could have done in this situation.[9]

In the end, the issue before us can be reduced to who has the burden based on the facts presented. Here, we believe the burden appropriately falls on Valderas. Valderas has been charged with multiple felonies. He was aware that he had a trial date of April 14, 2020 and that the trial date was cancelled because of the pandemic. Even if Valderas were changing residences or having difficulty obtaining the use of a cell phone, it is not too burdensome to require him to check in with the court or his attorney in the eight months that followed the continuation of his trial date. He did not do so. The court provided notice of the hearings by mail to the address on file for Valderas. We decline to require a court in this situation to track down Valderas's actual whereabouts, provide him with notice of a hearing, and, only then, if he does not appear, issue a bench warrant. The court lacks the resources to engage in such action and is not in the business of finding criminal defendants when they move. Moreover, Valderas has not shown us where any such requirement exists under California law.

The court correctly exercised its discretion in issuing the bench warrant for Valderas. There is no due process violation here in the court merely issuing a bench warrant. Indeed, without the issuance of a warrant in the

---

[9]    During oral argument, Valderas's counsel suggested that the trial court could have ordered local law enforcement to track down Valderas and provide him with notice of any upcoming hearing dates. We see two primary problems with this suggestion. First, the court does not have the authority to conscript local law enforcement to locate defendants who fail to appear at court hearings and personally serve them with notice of the next hearing date. Second, if law enforcement could not locate a defendant before the hearing date then the court would have to set a new hearing date and send law enforcement back out in search of the defendant. Such a system would be neither cost effective nor efficient.

15

instant matter, there is no way to require Valderas to appear in court. It cannot be, even in dealing with a pandemic, that this defendant, who has been charged with serious crimes, can avoid answering for those charges simply by claiming a lack of actual notice thereby stripping the court of its discretion to issue a bench warrant. We decline to create such an opportunity to avoid legitimate prosecution.

DISPOSITON

The petition for writ of mandamus is denied.


HUFFMAN, Acting P. J.

WE CONCUR:



O'ROURKE, J.



IRION, J.

16