Filed 7/29/24  P. v. Davis CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW LEE DAVIS,<br><br>    Defendant and Appellant. | D084030<br><br><br><br>(Super. Ct. No. BAF2001078) |

APPEAL from a judgment of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

Matthew Lee Davis appeals a judgment imposing the upper-term sentence pursuant to a plea agreement.  He contends the trial court erred by (1) failing to find a "willful" violation of his waiver under *People v. Cruz*

(1988) 44 Cal.3d 1247 (*Cruz*), and (2) denying him the opportunity to explain why he failed to appear for sentencing. We conclude Davis forfeited both claims by not asserting them before the trial court. Even on the merits, we conclude the trial court implicitly found a willful violation of the *Cruz* waiver. We further conclude Davis had a meaningful opportunity to explain why he failed to appear for sentencing. We thus affirm.

I.

Relevant here, in September 2022, Davis pled guilty to two counts: discharging a firearm at an occupied motor vehicle (Pen. Code, § 246; count 1) and discharging a firearm in a grossly negligent manner (§ 246.3; count 3). His plea agreement included a *Cruz* waiver, under which Davis would receive a total term of three years if he surrendered for sentencing on November 7, 2022, but the upper term of seven years on count 1 if he willfully failed to appear for sentencing.

On November 7, Davis appeared for his sentencing hearing. However, the parties stipulated to continue the sentencing hearing to December 14, given Davis' girlfriend was pregnant and "experiencing complications." The court granted the request, but confirmed with Davis, "Obviously, you know what the risk is if you don't show up on December 14th; right? . . . You'd be looking at the maximum sentence." Davis indicated he understood. Nonetheless, Davis did not appear on December 14, and the court issued a bench warrant.

Davis, in custody, appeared at his September 2023 sentencing hearing. The court noted that it, Davis, and his counsel had "discussions in chambers about [his] matter[ ]," at which time the court "was informed that [Davis] had some family issues with the birth of [his] child last year." However, the court emphasized that Davis "didn't make it back to court and . . . didn't contact

2

the court or [his] attorney or the Public Defender's Office" when he failed to appear. The court explained that it is "really important" to "communicate" if a defendant promises to appear and fails to do so.

The court recounted the terms of the plea agreement and asked Davis if he recalled entering into it, to which Davis responded, "Absolutely." The court expressed that its "hands [we]re tied" as to the consequences of violating the *Cruz* waiver. Davis began to state, "It was hard—," but the trial court interjected by telling Davis he did not need "to explain," it was "okay," and "it's what you put yourself into when you didn't come back and you didn't communicate." Davis responded: "Absolutely." The court asked counsel if there was any legal cause to not proceed with sentencing, but neither side raised any objection. The court then sentenced Davis to the seven-year upper term on count 1 in accordance with the plea agreement.

## II.

## A.

As a threshold matter, we agree with the People that Davis forfeited his claims. Courts of appeal generally deem forfeited claims of error that could have been—but were not—raised in the trial court. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 (*Stowell*).) The purpose of objecting is to give the court an opportunity to correct the alleged error and, if the court refuses, preserve the issue for appeal. (*Ibid.*) Enforcing the forfeiture rule discourages and reduces appeals of issues readily redressable below. (*People v. Welch* (1993) 5 Cal.4th 228, 235.) The rule generally applies to constitutional rights. (*People v. Collins* (2001) 26 Cal.4th 297, 305.)

Neither Davis nor his counsel objected to the court's failure to expressly find Davis' failure to appear at the December 14 hearing willful or its purported failure to allow Davis an opportunity to explain his absence.

Instead, Davis' counsel acknowledged there was no legal cause not to continue with the sentencing. Davis thus forfeited these purported errors.

To the extent Davis claims any attempt to assert his due process rights before the trial court would have been futile because the court "cut him off" and refused to "consider any evidence that [he] might offer," we disagree. First, we agree with the People that, "[f]airly construed," the record shows Davis "was struggling to explain why his circumstances made it 'hard' for him to return." When Davis said, "It was hard—," the court interjected, "You don't have to explain, sir. It's okay." These words seem to offer Davis a sympathetic "out" from addressing apparently difficult subject matter rather than cut him off. Second, the futility exception only applies in "'unusual' or 'extreme' circumstances." (*People v. Lima* (2022) 80 Cal.App.5th 468, 479.) For example, the rule applies if an objection would have been baseless under then-controlling law but the relevant law subsequently changes (e.g., *People v. Sandoval* (2007) 41 Cal.4th 825, 837 & fn. 4), or if continuous objections to prosecutorial or judicial misconduct would have been pointless and counterproductive to a defendant's interests (e.g., *People v. Hill* (1998) 17 Cal.4th 800, 821). As Davis points to no such change in law or denigrating remarks from the court or the prosecutor, the exception is inapplicable here; accordingly, the forfeiture rule bars his claims.

B.

On the merits, we agree with the People that the trial court implicitly found Davis willfully violated the *Cruz* waiver after affording him a meaningful opportunity to be heard.

A plea agreement with a *Cruz* waiver can specify a lower term to be imposed if the defendant appears for sentencing and a higher term if the defendant willfully fails to appear for sentencing. (*People v. Vargas* (1990)

4

223 Cal.App.3d 1107, 1113 & fn. 3.) "[T]he term 'willful' requires only that the prohibited act occur intentionally."[1] (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1438.) We review for substantial evidence a trial court's determination that a defendant violated the conditions of his or her release by willfully failing to appear. (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 509.) We presume the judgment is correct, draw all inferences to support it on matters as to which the record is silent, and require the appellant to affirmatively show error. (*People v. Malabag* (1997) 51 Cal.App.4th 1419, 1422 (*Malabag*).) We also presume the trial court was aware of and followed applicable law. (*Stowell*, 31 Cal.4th at p. 1114.)

Although the trial court did not make an express finding of willfulness, the record in its entirety supports the reasonable inference that the trial court made an implicit finding. Notably, the court referenced an unreported conference with Davis and his counsel prior to the start of the hearing during which the court learned about "family issues with the birth of [Davis'] child" the prior year. The court sentenced Davis to the upper term in the plea agreement because of Davis' failure to communicate with the court or his counsel about his failure to appear.

Construing the record and the reasonable inferences drawn from it in favor of the judgment and presuming the court's awareness that a *Cruz* violation must be willful, a reasonable factfinder could conclude that Davis

---

[1]  To the extent Davis contends his willful failure to appear "must be with the specific intent to evade the process of the court," he is mistaken. (Citing *People v. Masloski* (2001) 25 Cal.4th 1212, 1221 (*Masloski*); *People v. Forrester* (1994) 30 Cal.App.4th 1697, 1701 (*Forrester*).) As the People correctly note, *Masloski* does not address the meaning of willfulness at all, much less as applied to *Cruz* waivers (*Masloski*, at pp. 1217-1223), and *Forrester* concerns the intent element for the distinct statutory crime of failure to appear rather than a failure to appear in the context of a *Cruz* waiver (*Forrester*, at pp. 1700-1701).

and his counsel discussed the reason he failed to appear with the court during the unreported conference, the court found the reason inadequate, and the court therefore concluded the violation was willful. The circumstances here are readily distinguishable from those in *People v. Zaring* (1992) 8 Cal.App.4th 362 (*Zaring*), to which Davis analogizes. There, the court of appeal reversed a finding that a defendant who appeared 22 minutes late for a hearing after experiencing childcare problems did so willfully. (*Id.* at pp. 376-379.) Unlike in *Zaring*, however, Davis did not show up at all. Instead, he failed to tell the court or his counsel that he was unable to appear, much less give an acceptable reason.

To the extent the substance of the unreported conference was material to the issues before us, Davis, who bears the burden of producing the record on appeal, should have sought a settled statement. (Cal. Rules of Court, rule 8.137; see *Malabag*, 51 Cal.App.4th at pp. 1423-1425.) Having failed to do so, he must rely on the existing record, which, as we have already explained, is sufficient to support an implicit finding of willfulness. We thus conclude Davis failed to meet his burden to establish error on this ground.

The record also demonstrates Davis had the opportunity to be heard "at a meaningful time and in a meaningful manner." (*Armstrong v. Manzo* (1965) 380 U.S. 545, 552.) Not only does the record show that Davis had the opportunity to be heard during the unreported conference, but also that Davis had the opportunity, although he did not take full advantage of it, to put his reason on the record at the hearing. As noted above, we agree with the People that the record does not show the court would not allow Davis to speak, only that it said, "You don't have to explain, sir. It's okay. [I]t's what you put yourself into when you didn't come back and you didn't communicate[,]" to which Davis responded, "Absolutely." The court merely

6

told Davis he did not have to explain, and he did not thereafter seek to, even after the court inquired whether there was any legal cause not to continue with the sentencing.  On this record, due process was satisfied.

In sum, we conclude the trial court did not err in sentencing Davis to the longer term of imprisonment specified in his plea agreement pursuant to his *Cruz* waiver.

III.

We affirm the judgment.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.