[No. B214086. Second Dist., Div. Six. June 22, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
JASON ROBERT OGLE, Defendant and Appellant.

## COUNSEL

David A. Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Sarah J. Farhat and Eric E. Reynolds, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COFFEE, J.**—Here, we conclude that stalking is an act of domestic violence and admissible to prove propensity to commit the crime of making criminal threats.

Jason Robert Ogle appeals from judgment after conviction by jury on three felony counts: making criminal threats (Pen. Code, § 422), disobeying a domestic relations order (Pen. Code, § 273.6, subd. (d)) and stalking (Pen. Code, § 646.9, subd. (b)). Appellant admitted that he had served a prior prison term. (Pen. Code, § 667.5, subd. (b).) The trial court sentenced him to five years in state prison, consisting of a four-year upper term for stalking, plus one year for the prior prison term. The court imposed and stayed midterm sentences for the remaining counts pursuant to Penal Code section 654.

Appellant contends (1) that his past conviction for stalking was inadmissible to prove propensity because it was not a crime of domestic violence within the meaning of Evidence Code section 1109[1] and his counsel rendered ineffective assistance by not objecting to its admission, and (2) that the court abused its discretion when it admitted other acts of domestic violence because they were more prejudicial than probative. We affirm.

By separate order we will deny appellant's petition for writ of mandate in *Ogle v. Superior Court* (June 22, 2010, B217637).

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant and his ex-wife were divorced in 2004. Appellant has a history of domestic violence against her. In 2004, a permanent restraining order was issued against him. He went to prison after he violated the order by stalking her. Upon release, he committed the present offenses.

On the morning of February 4, 2007, appellant's ex-wife received a series of threatening calls from him. He said, "I'm back. I'm going to get you. You're dead." He threatened to kill members of her family, said he had been watching her, and gave details about her current activities. After the first calls, her father answered the phone. He recognized appellant's voice. A police officer was summoned and heard appellant, on speakerphone, threaten to kill his ex-wife, her father and any current boyfriend. Appellant left 12 voice mail messages over a two-hour period, and identified himself by name. He boasted that he had "absconded" from parole. Appellant said he did not care if police listened to his calls because he could get to his ex-wife before they could get to him. His ex-wife's mother also received a threatening call on the same morning and recognized appellant's voice.

At trial, the jury heard the recorded messages and the testimony of appellant's ex-wife, her parents and two sheriff's deputies. The defense theory was that there was reasonable doubt as to appellant's identity.

The prosecution offered evidence of specific prior acts of domestic violence against his ex-wife pursuant to sections 1101, subdivision (b) and 1109. Defense counsel objected on the grounds that the evidence was unduly prejudicial and likely to consume undue time. He requested that the conduct be limited to two or three incidents. After a hearing, the court allowed the evidence.

Appellant's ex-wife testified that in 2002, during their marriage, appellant kicked and punched her and drove recklessly while threatening to kill them

---

[1] All further statutory references are to the Evidence Code unless otherwise stated.

both. About a month later, appellant beat her in their home and threatened her with a knife. She did not report either of these incidents.

In February of 2004, she obtained a temporary restraining order against appellant. In March of 2004 he called her, for which he was convicted of violating the restraining order. (Pen. Code, § 273.6, subd. (a).) She obtained a permanent restraining order against him.

In April of 2004, appellant hid in his ex-wife's van at her workplace and then attacked her as she drove home. She was able to stop the van and escape after a struggle. For this conduct, appellant was convicted of spousal battery. (Pen. Code, § 243, subd. (e)(1).)

In July and August of 2004, appellant called his ex-wife multiple times and threatened that she "was going to be done" and "someone is going to get hurt" if he did not talk to her. She also saw him drive by her workplace. He left notes in the drawer of her workstation saying that he was watching her and that her family was in danger. For this conduct, he was convicted of stalking and was sent to prison. (Pen. Code, § 646.9, subd. (a).) He was on parole when he committed the present crimes.

The trial court instructed the jury, pursuant to section 1109, that it could consider these prior acts of domestic violence as evidence that appellant was disposed to commit the charged offenses.

## DISCUSSION

### *Evidence of Prior Conviction for Stalking (Pen. Code, § 646.9)*

Appellant contends that his prior conviction for stalking was inadmissible to prove his propensity to commit the charged crimes because it was not an act of domestic violence within the meaning of section 1109. He contends that his counsel rendered ineffective assistance by failing to object on this ground. We disagree.

 Appellant forfeited his claim that the stalking evidence was inadmissible because he did not raise the issue in the trial court. (*People v. Derello* (1989) 211 Cal.App.3d 414, 428 [259 Cal.Rptr. 265].) His claim that counsel was ineffective for failing to object cannot succeed because counsel's performance was neither deficient nor prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688 [80 L.Ed.2d 674, 104 S.Ct. 2052].) Stalking is an act of domestic violence within the meaning of section 1109 as defined by Family Code section 6211, and is therefore admissible to prove propensity in

a prosecution for domestic violence. We decline to follow a contrary holding reached in *People v. Zavala* (2005) 130 Cal.App.4th 758 [30 Cal.Rptr.3d 398].

█ Evidence of a person's past conduct is generally not admissible to prove his propensity to commit the charged crime (§ 1101, subd. (a)), but it is admissible to prove facts other than propensity, such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident (*id.*, subd. (b)). Past acts of domestic violence are admissible to prove propensity in a prosecution for domestic violence, notwithstanding section 1101. (§ 1109.)

█ Here, the evidence of stalking in 2004 was indisputably admissible under section 1101, subdivision (b) for the nonpropensity purpose of proving appellant's intent and the sustained nature of his victim's fear, both of which were elements of the charged criminal threats offense. (Pen. Code, § 422; *People v. Garrett* (1994) 30 Cal.App.4th 962, 966–967 [36 Cal.Rptr.2d 33].) But appellant argues that the court erred when it instructed the jury that it could also consider the stalking incident to prove propensity pursuant to section 1109. He contends that stalking is not "domestic violence" within the meaning of section 1109. He relies on *People v. Zavala, supra*, 130 Cal.App.4th 758 [30 Cal.Rptr.3d 398].

In *People v. Zavala, supra*, 130 Cal.App.4th 758, the defendant was charged with stalking his wife after she obtained a restraining order. The trial court allowed evidence of prior acts of violence against the wife to prove the appellant's propensity to commit the stalking offense, pursuant to section 1109. The Court of Appeal concluded that the acts of prior violence were admissible under section 1101, subdivision (b), to prove the defendant's intent and the wife's state of mind, but not to prove propensity, because stalking is not a crime of domestic violence within the meaning of section 1109. We do not agree with this conclusion.

█ Section 1109 defines domestic violence as having the meaning set forth in Penal Code section 13700, and the further meaning set forth in Family Code section 6211, so long as the act occurred within five years of the charged offense, subject to a hearing under Evidence Code section 352. (§ 1109, subd. (d)(3).)[2] Here, both the Family Code and Penal Code definitions apply because the conduct occurred within five years. The court did conduct a section 352 hearing and the stalking evidence was corroborated by conviction.

---

[2] Section 1109, subdivision (d)(3) provides: " 'Domestic violence' has the meaning set forth in Section 13700 of the Penal Code. Subject to a hearing conducted pursuant to Section 352, which shall include consideration of any corroboration and remoteness in time, 'domestic

Penal Code section 13700 subdivisions (a) and (b) together define domestic violence as requiring either bodily injury, attempted bodily injury, or placing the victim in "reasonable apprehension of imminent serious bodily injury to himself or herself, or another." (*Id.*, subd. (a).) Appellant, and the defendant in *Zavala*, argued that stalking is not an act of domestic violence because it involves no bodily injury and does not necessarily place the victim in apprehension of imminent serious bodily injury; the fear element of stalking requires only reasonable fear for the safety of self or family. (Pen. Code, § 646.9, subd. (a).) This analysis was accepted by the *Zavala* court without discussion, but it overlooks Family Code section 6211, which defines domestic violence more broadly and includes stalking.

■ Family Code section 6211 defines domestic violence to require abuse and Family Code section 6203, subdivision (d) defines "abuse" to include "engag[ing] in any behavior that has been or could be enjoined pursuant to Section 6320." Family Code section 6320 authorizes the court to enjoin a party from "stalking, threatening, . . . harassing, [and] telephoning," the other party. Thus, stalking a former spouse is domestic violence for purposes of section 1109 as defined by Family Code section 6211.

Section 1109 applies if the offense falls within the Family Code definition of domestic violence even if it does not fall within the more restrictive Penal Code definition. (*People v. Dallas* (2008) 165 Cal.App.4th 940, 952 [81 Cal.Rptr.3d 521].) In *Dallas*, abuse of a baby was admissible pursuant to section 1109 because it was domestic violence within the meaning of Family Code section 6211, although it was not domestic violence within the meaning of Penal Code section 13700, which did not include the baby in its narrower class of protected victims.

■ Appellant argues that the Family Code reference in section 1109's definition of domestic violence was intended only to bring abuse of children of domestic partners within the statute and that it was not really intended to incorporate all forms of abuse that fall within the broader Family Code definition. We must reject the argument because the statute unequivocally incorporates the Family Code definition without limitation: " 'Domestic violence' . . . has the further meaning as set forth in Section 6211 of the Family Code, if the act occurred no more than five years before the charged offense." (§ 1109, subd. (d)(3).) The plain language of a statute proscribes its interpretation by the courts. (Code Civ. Proc., § 1858.) "When statutory language is clear and unambiguous, there is no need for construction and [the] courts should not indulge in it." (*People v. Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288].) " 'If the language is clear and

---

violence' has the further meaning as set forth in Section 6211 of the Family Code, if the act occurred no more than five years before the charged offense."

unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " *(Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934], quoting *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

Even if stalking were not domestic violence within the meaning of section 1109, the propensity instruction would have been harmless error because it is not reasonably probable that a result more favorable to appellant would have been reached in its absence. *(People v. Watson* (1956) 46 Cal.2d 818, 836–837 [299 P.2d 243].) The other evidence against appellant was compelling. Appellant's calls were recorded and played for the jury. His voice was identified by his victim and her parents. The other acts of domestic violence were unquestionably admissible to prove propensity under section 1109 because they involved bodily injury and attempted bodily injury. The stalking evidence was admissible for other purposes, to prove intent and the reasonableness of the victim's fear, and it was not so highly inflammatory or emotionally charged as to prevent a fair trial.

### Discretion to Admit Past Acts of Domestic Violence

Appellant contends that the court abused its discretion pursuant to section 352 when it admitted the remaining uncharged acts of domestic violence because they were more inflammatory than the charged offense, were dissimilar to it, and their admission resulted in undue consumption of time. We disagree.

The trial court has broad discretion under section 352 to assess whether the probative value of evidence is outweighed by the risk of undue prejudice, consumption of time or confusion. Its determination "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." *(People v. Jordan* (1986) 42 Cal.3d 308, 316 [228 Cal.Rptr. 197, 721 P.2d 79].)

Appellant argues that the probative value of the evidence of prior acts of domestic violence was slight because the charged offenses were easily proved by the recordings and only identity was in issue.[3] But the jury was instructed that the prosecutor had the burden of proving every element of the charged offenses, which included appellant's intent to place his victim in fear, the

---

[3] The purpose behind section 1109 is to address the difficulties of proof in domestic violence prosecutions and the repetitive nature of domestic violence. *(People v. Brown* (2000) 77 Cal.App.4th 1324, 1333–1334 [92 Cal.Rptr.2d 433].)

credibility of his threats, his apparent ability to carry out his threats, and the reasonableness of his victim's fear. (Pen. Code, §§ 422, 646.9.) The record reflects that the trial court carefully weighed the probative value of the evidence against the risk of prejudice and undue consumption of time. The court considered the relative egregious nature of the prior and current conduct, but concluded that introduction of the prior conduct was necessary to give "an honest image of why she would be so scared," among other things. With respect to consumption of time, the court allowed proof of the past conduct only after the prosecutor agreed to limit the evidence to testimony of the victim and the corroborating documents, foregoing the corroborating testimony of eight officers on the prosecution's witness list. The court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.

Gilbert, P. J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 29, 2010, S184162. Moreno, J., was of the opinion that the petition should be granted.