Filed 12/7/23  P. v. Perez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079567 |
| v. | (Super.Ct.No. FSB20000429) |
| EDWARD SHANE PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

Defendant and appellant Edward Shane Perez was convicted by a jury of one count of false imprisonment by violence or menace (count 1; Pen. Code,[1] § 237, subd. (a)) and one count of inflicting corporal injury on his spouse (count 2; §273.5, subd.(a)), as the result of an incident in January 2020. He was sentenced to a total of nine years in state prison, which included a five-year enhancement for inflicting great bodily injury under circumstances involving domestic violence in the commission of count 2. (§ 12022.7, subd. (e).)

Defendant appeals, arguing that (1) the trial court erred by admitting evidence of a prior uncharged act of alleged domestic violence from 2016, and (2) the trial court erred when it declined to exercise its discretion to strike or dismiss defendant's sentencing enhancement pursuant to section 1385, subdivision (c). We find no error in the record before us and affirm the judgment.

## II. BACKGROUND

A. *Facts and Charges*

Defendant and the victim began a cohabiting relationship in 2013. They married and had a child together in 2015. According to the victim, she and defendant became involved in an altercation in January 2020 after defendant discovered the victim had received a text message from a friend. At the time, they were traveling together in the same vehicle, and defendant repeatedly hit her in the face. When the victim attempted to

---

[1] Undesignated statutory references are to the Penal Code.

2

escape the vehicle, defendant forcibly pulled her by the arm back into the vehicle and began driving erratically to make it difficult for her to escape. Eventually, she jumped out of the moving vehicle, hitting her head on the street pavement.

As a result of this incident, defendant was charged with one count of kidnapping (count 1; § 207, subd. (a)) and one count of willful infliction of corporal injury upon a spouse (count 2; § 273.5, subd. (a)). With respect to count 2, the information also alleged that defendant had suffered a previous conviction for a violation of section 243 within the past seven years. Finally, the information alleged that defendant personally inflicted great bodily injury in the commission of both counts. (§ 12022.7, subd. (e).)

B. *Admission of Propensity Evidence*

Prior to trial, the prosecution moved to admit multiple uncharged acts of domestic violence as propensity evidence under Evidence Code section 1109. Defendant objected to the introduction of all the identified acts at the time of the hearing on the motion. Ultimately, the trial court permitted the prosecution to introduce evidence of five incidents of domestic violence as propensity evidence: one incident from 2016; three from 2018; and one from 2020.

With respect to the 2016 incident,[2] the People's motion represented that the evidence would show defendant became upset with the victim; kicked and hit the victim; forcibly removed the victim's clothing; grabbed the victim, and threw her to the ground;

---

[2] On appeal, defendant challenges only the admission of evidence related to the 2016 incident as a basis for reversal.

kicked the victim in the head and upper body; dragged the victim by the hair up a flight of stairs; and subsequently threw the victim down the stairs. The victim lost consciousness and later awoke to discover defendant sexually assaulting her. When the victim told defendant to stop, he choked her until she again lost consciousness.

At the hearing on the motion, the parties agreed to permit the trial court to conduct an in camera review of the police report and other documentary evidence related to this incident in order to rule on the People's request.[3] After reviewing the evidence submitted regarding this incident, the trial court concluded that evidence related to the infliction of physical injuries against the victim would be admissible, but that evidence or reference to the alleged sexual assault would be excluded.

C. *Verdict and Sentence*

A jury found defendant guilty of the lesser included offense of false imprisonment by violence or menace on count 1 (§ 237, subd. (a)) and guilty of inflicting corporal injury on a spouse on count 2 (§ 273.5, subd.(a)). The jury also found true the allegations that defendant inflicted great bodily injury under circumstances involving domestic violence in the commission of count 2. (§ 12022.7, subd.(e).) In a bifurcated proceeding, the trial court found true the special allegation that defendant suffered a prior conviction for violation of section 243, subdivision (e)(1).

---

[3] The documents submitted for the trial court's review are not included as part of the record on appeal.

4

Prior to sentencing, defendant filed a written request, inviting the trial court to exercise its discretion under section 1385, subdivision (c), to strike his section 12022.7, subdivision (e) sentence enhancement. In support, defendant submitted a biopsychosocial assessment that summarized defendant's social history, including past incidents of childhood trauma.

At the sentencing hearing, the trial court declined to exercise its discretion to strike defendant's enhancement, explaining: "the Court recognizes and accepts that there was potentially significant childhood trauma in this case; however, I am not finding it has been shown that it was a factor in the commission of the crime. The Court is not finding that [defendant] was physically abused as a child; and, therefore, he is physically abusive . . . . [¶] [T]hat the commission of the current offense is connected to the [d]efendant's prior victimization, or childhood trauma, or mental illness under 1385[, subdivision] (c), I am not finding that in this case. I recognize that both under that section I have obligations, and mandates, as well as discretion under all of 1385. [¶] As it relates to 12022.7[, subdivision] (e), the Court is electing to not exercise its discretion in that; and I do not believe, based upon the evidence before me, that it is mandatory. [¶] . . . [¶] So with regard to that, the Court is declining the [d]efense's request to . . . strike 12022.7(e) . . . ."

The trial court then sentenced defendant to a total of nine years in state prison. Specifically, the trial court sentenced defendant to the upper term of four years on count 2, enhanced by a consecutive five-year term under section 12022.7, subdivision (e). The trial court imposed a concurrent term of three years on count 1.

## III.  DISCUSSION

### A.  *Admission of Evidence*

Defendant's first argument on appeal is that the trial court erred by admitting evidence of the 2016 incident of domestic abuse.  We disagree.

#### 1.  General Legal Principles and Standard of Review

"Character evidence is generally inadmissible to prove a defendant's conduct on a specific occasion."  (*People v. Merchant* (2019) 40 Cal.App.5th 1179, 1191-1192 (*Merchant*); Evid. Code, § 1101, subd. (a).)  However, "the Legislature has carved out specific exceptions to the ban on propensity evidence for defendants charged with . . . domestic violence . . . .  '[I]n a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible by [Evidence Code] Section 1101 if the evidence is not inadmissible pursuant to Section 352.' "  (*Merchant*, at p. 1192; *People v. Megown* (2018) 28 Cal.App.5th 157, 163-164; Evid. Code, § 1109.)  "By its incorporation of [Evidence Code] section 352, section 1109, subdivision (a)(1) makes evidence of past domestic violence inadmissible only if the court determines that its probative value is 'substantially outweighed' by its prejudicial impact."  (*People v. Johnson* (2010) 185 Cal.App.4th 520, 531 (*Johnson*); *People v. Wang* (2020) 46 Cal.App.5th 1055, 1075 (*Wang*).)

The trial court's determination that evidence is admissible under Evidence Code section 1109 because its probative value is not substantially outweighed by its prejudicial impact is reviewed for abuse of discretion.  (*Johnson*, *supra*, 185 Cal.App.4th at p. 531;

6

*People v. Jennings* (2000) 81 Cal.App.4th 1301, 1314-1315 (*Jennings*).)  Under this standard, the trial court's exercise of discretion will not be overturned or disturbed " 'in the absence of manifest abuse, upon a finding that its decision was palpably arbitrary, capricious and patently absurd.' " (*Jennings*, at p. 1315.)

    2.  <u>The Evidence Was Highly Probative</u>

California courts have repeatedly recognized that evidence of prior acts of domestic violence is "particularly probative in demonstrating the propensity of the defendant." (*People v. Cabrera* (2007) 152 Cal.App.4th 695, 705; *People v. Hoover* (2000) 77 Cal.App.4th 1020, 1027-1028; *Johnson*, *supra*, 185 Cal.App.4th at p. 532, fn. 8.)  Not only does such evidence support a reasonable inference that the defendant had the disposition to commit the charged offense (*People v. Kerley* (2018) 23 Cal.App.5th 513, 543-544 (*Kerley*)), but such evidence is also relevant to show that the charged offense was not " 'an isolated incident, an accident, or a mere fabrication' " (*Wang*, *supra*, 46 Cal.App.5th at p. 1075).  In this case, the trial court admitted evidence of a 2016 incident involving the same victim as the charged offense.  The victim testified that, during this incident, defendant struck her in the face, dragged her by the hair up a set of stairs, threw her down the stairs, and used his hands to choke her.  Thus, because the charged conduct at issue in this case involved allegations that defendant inflicted physical injury against the same victim, evidence of the 2016 incident had substantial probative value in this case.

On appeal, defendant suggests the probative value of the 2016 incident was minimal because:  (1) the victim subsequently recanted her statements to police regarding

7

the incident; (2) charges were never filed against defendant for the incident; (3) the specific acts of physical violence against the victim differed in each case; and (4) the evidence was not essential because four additional acts of domestic violence were also admitted under Evidence Code section 1109.  As we explain, none of these facts materially decreases the probative value of the 2016 incident in this case.

First, the fact that the victim recanted her initial statements to police regarding the 2016 incident is not a basis for the trial court to exclude such evidence.  As our Supreme Court has explained, the fact that a witness's testimony is "subject to impeachment [does] not afford the court a legitimate basis for excluding this evidence. . . .  [T]estimony may be vulnerable to impeachment for numerous reasons, including the possible existence of prior, conflicting testimony; such vulnerability, however, does not render the evidence irrelevant or unduly prejudicial." (*People v. Alcala* (1992) 4 Cal.4th 742, 790.)  "A trial court may exclude the live testimony of a witness whom the court disbelieves only in 'rare instances of demonstrable falsity.'  [Citation.]  The court may not exclude evidence when the court simply does not believe the testifying witness." (*Vorse v. Sarasy* (1997) 53 Cal.App.4th 998, 1012-1013.)  Thus, the mere fact that a victim recanted prior statements to law enforcement is not a basis to exclude such evidence as irrelevant or unduly prejudicial.

Second, the fact that defendant was never formally charged regarding the 2016 incident does not diminish the probative value of the evidence.  As our Supreme Court has recognized in the context of a parallel statutory scheme permitting the admission of propensity evidence of sexual abuse, the " 'reasonable' and 'legitimate' inferences . . . are

8

made no less relevant merely because the evidence is based on charged, rather than uncharged . . . offenses." (*People v. Villatoro* (2012) 54 Cal.4th 1152, 1167 [addressing propensity evidence under Evid. Code, § 1108].) Thus, the lack of formal charges does not lessen the probative value of any such evidence and is not a proper factor in conducting an analysis under Evidence Code sections 1109 and 352.

Third, the specific acts of domestic violence need not be identical in order to be considered probative under Evidence Code sections 1109 and 352. As a general matter, when a statute permits the introduction of prior uncharged acts, "there is no requirement that the prior acts be identical to the charged offense." (*People v. Zemek* (2023) 93 Cal.App.5th 313, 353 [uncharged prior act need not be identical to be admitted under Evid. Code, § 1101].) California courts, including this court, have repeatedly upheld the admission of prior acts of domestic violence, even when the specific acts in each case differ. (See *People v. Hoover*, *supra*, 77 Cal.App.4th at pp. 1024-1025, 1029 [testimony regarding prior incidents of hitting, choking, and threatening to kill victim admissible under Evid. Code, § 1109 for charged offense involving hitting victim]; *People v. Ogle* (2010) 185 Cal.App.4th 1138, 1140 [prior act of stalking admissible under Evid. Code, § 1109 to prove charge of making criminal threats]; *People v. Disa* (2016) 1 Cal.App.5th 654, 672 [prior act of assault admissible under Evid. Code, § 1109 to prove murder].)

Additionally, we observe that at least one published decision has upheld the admission of propensity evidence under Evidence Code section 1109 under factual circumstances similar to this case. In *Merchant*, the defendant "was accused of kidnapping [the victim], inflicting physical abuse, dissuading her from seeking

9

assistance, and robbing her during [a] chaotic car ride." (*Merchant*, *supra*, 40 Cal.App.5th at p. 1192.) The Court of Appeal upheld the admission of two prior acts of domestic violence involving the defendant's pushing the victim, punching the victim, and pulling the victim's hair (*Id.* at pp. 1189-1190), concluding that such evidence "shared broad similarities with the charged conduct." (*Id.* at p. 1192.) The factual circumstances presented in *Merchant* are not unlike those presented here, where defendant was charged with kidnapping the victim and repeatedly punching her during a chaotic car ride; and the prosecution introduced propensity evidence of defendant's prior acts of punching, choking, and pulling the victim's hair. Given these authorities, the fact that the 2016 incident did not involve the same specific acts of domestic violence as the charged conduct does not, in our view, lessen the probative value of such evidence.

Finally, in the context of domestic violence, the number of incidents introduced does not lessen the probative value of any individual incident. Evidence Code section 1109 reflects the Legislature's conclusion that "in domestic violence cases in particular, a history or pattern of domestic violence is very probative." (*Kerley*, *supra*, 23 Cal.App.5th at p. 535.) Thus, contrary to defendant's suggestion that the probative value of specific instances of domestic violence decreases when a greater number of incidents are introduced, "[e]vidence that [the defendant] abused [the victim] multiple times is more probative than evidence that he did so once or twice [because] it is the frequency, regularity, and severity . . . that infuses this propensity evidence with probative strength." (*Id.* at p. 536.) Thus, the fact that the trial court admitted additional

10

acts of domestic violence as propensity evidence does not decrease the probative value of the 2016 incident.[4]

On this record, we conclude that the trial court did not abuse its discretion to the extent that it determined the evidence related to the 2016 incident was unquestionably probative to the charged conduct in this case.

3. The Evidence Was Not Unduly Prejudicial

Defendant also suggests that, even if the evidence related to the 2016 incident was probative, it was "highly inflammatory" and, as a result, should have been excluded as unduly prejudicial. However, where the propensity evidence is "no more inflammatory than [the victim's] testimony regarding the charged offenses[;] . . . its additional prejudicial effect [is] minimal." (*People v. Ewoldt* (1994) 7 Cal.4th 380, 408; *People v. Phillips* (2022) 75 Cal.App.5th 643, 676 [" 'The potential for prejudice is decreased . . . when testimony describing defendant's uncharged acts is no stronger or more inflammatory than the testimony concerning the charged offense.' "]; *People v. Mani* (2022) 74 Cal.App.5th 343, 372 [no undue prejudice where propensity evidence is "materially similar" to charged offenses]; *People v. Hoover*, *supra*, 77 Cal.App.4th at

_____

[4] The number of incidents admitted to show propensity evidence may impact the prejudicial effect of such evidence but not the probative value of each individual incident. As our Supreme Court has suggested, it may be possible for a defendant to show that, "at some point[,] the unduly prejudicial effect of additional evidence would substantially outweigh that evidence's (perhaps cumulative) probative value." (*People v. Baker* (2021) 10 Cal.5th 1044, 1098.) However, defendant has not raised such a claim in this case.

11

p. 1029 [Evidence involving "history of similar conduct against the same victim" is not unduly inflammatory.].)

In this case, the 2016 incident involved allegations that defendant choked a victim, pulled her hair, and threw her down a set of stairs, whereas the charged offense involved repeatedly punching the victim while inside an enclosed vehicle and driving erratically to prevent the victim's escape. Both involved the infliction of physical violence upon the same victim with the risk of similar injuries. Thus, neither set of circumstances appears categorically more inflammatory than the other.

Given this conclusion, even if the 2016 incident can be considered some degree more inflammatory than the charged offenses, we cannot say that it was unreasonable for the trial court to conclude that the inflammatory nature of the evidence did not outweigh its probative value. After all, " ' " ' "[t]he code speaks in terms of *undue* prejudice," ' " ' " and " ' " ' "[u]nless the dangers of undue prejudice . . . ' "substantially outweigh" ' the probative value of relevant evidence, a section 352 objection should fail." ' " ' " (*People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 824.) At best, the question of whether the 2016 incident was significantly more inflammatory than the charged offenses is debatable. As a result, there is no basis to conclude the trial court abused its discretion on this ground. (*People v. Bryant*, *Smith and Wheeler* (2014) 60 Cal.4th 335, 390 ["A merely debatable ruling cannot be deemed an abuse of discretion."]; *People v. Escobar* (2000) 82 Cal.App.4th 1085, 1097 [no abuse of discretion where "reasonable minds could differ as to the admissibility" under Evid. Code, § 352]; *People v. Merriman* (2014) 60 Cal.4th 1, 62 [no abuse of discretion in

12

admitting evidence where potential for prejudice is not so strong as to "compel the conclusion that the potential for prejudice by admitting the challenged evidence substantially outweighed its probative value"].)

On this record, defendant has not shown the trial court abused its discretion in admitting evidence of the 2016 incident. Such evidence was admissible under Evidence Code section 1109 and was highly probative in this case. Nor can we say that it was outside the bounds of reason for the trial court to conclude that such evidence did not present a risk of prejudice so strong as to substantially outweigh its probative value. This is particularly true in this case, where the court sanitized the 2016 incident by removing any discussion of serious sexual misconduct alleged to have occurred during this incident, thus, substantially reducing the prejudicial impact of the evidence. In the absence of error, we need not address the parties' arguments regarding harmlessness.

B. *The Trial Court Did Not Abuse Its Discretion Under Section 1385*

The second claim raised on appeal is that the trial court erred in refusing to exercise its discretion under section 1385 to dismiss the sentencing enhancement charged pursuant to section 12022.7, subdivision (e). Again, we disagree.

    1. <u>General Legal Principles and Standard of Review</u>

"Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to include subdivision (c). [Citation.] Section 1385[, subdivision] (c)(1) provides that '[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.' [Citation.] Section 1385[, subdivision] (c)(2)

13

provides as follows: 'In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.' " (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 295; § 1385.)

The only relevant mitigating circumstance identified by defendant on appeal is: "The current offense is connected to prior victimization or childhood trauma." (§ 1385, subd. (c)(2)(E); AOB 20-23) For purposes of this statute, " 'Childhood trauma' means that as a minor the person experienced physical, emotional, or sexual abuse, physical or emotional neglect." (§ 1385, subd. (c)(6)(A).) The statute further provides that the trial court "may conclude that a defendant's childhood trauma was connected to the offense if, after reviewing any relevant and credible evidence, . . . the court concludes that the defendant's childhood trauma substantially contributed to the defendant's involvement in the commission of the offense." (*Ibid.*)

The trial court's decision to grant or deny a request to strike or dismiss an enhancement pursuant to section 1385 is reviewed for abuse of discretion. (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1093, review granted, Apr. 12, 2023, S278894; *People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) However, because the abuse of discretion standard is not a unified standard, "the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of

14

the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712; *People v. Thai* (2023) 90 Cal.App.5th 427, 433.)

### 2. The Record Does Not Suggest the Trial Court Misapplied the Statute

Initially, we address defendant's contention that the trial court misapplied the law by requiring defendant to show that he was physically abused as a child to support the existence of childhood trauma. To the extent defendant claims the trial court improperly interpreted and applied section 1385, we review de novo this aspect of the trial court's otherwise discretionary decision. (*People v. Walker* (2022) 86 Cal.App.5th 386, 394-395.) We agree with defendant that the statutory definition of childhood trauma for purposes of section 1385, subdivision (c)(2), does not require showing physical abuse. (§ 1385, subd. (c)(6)(A) [" 'Childhood trauma' means that as a minor the person experienced physical, emotional, or sexual abuse, physical or emotional neglect."].) Thus, if the trial court actually required a showing of physical abuse to establish this mitigating circumstance, it would constitute an abuse of discretion. (*People v. Thai*, *supra*, 90 Cal.App.5th at p. 433 ["A trial court abuses its discretion when . . . its decision is based on an incorrect legal standard."].) However, we conclude the record is insufficient to support defendant's characterization of the trial court's ruling in this case.

Here, the trial court explained its finding as follow: "the Court recognizes and accepts that there was potentially significant childhood trauma in this case; however, I am not finding it has been shown that it was a factor in the commission of the crime. The Court is not finding that he was physically abused as a child; and therefore, he is physically abusive." Thus, the trial court made a broad finding consistent with the

15

requirements of the statute, followed by a more specific explanatory statement relating to one aspect of potential childhood trauma. While the trial court's explanatory statement focused on the absence of physical abuse, nothing in this statement suggested the trial court believed this to be the only means to establish a connection between childhood trauma and subsequent domestic violence.

In our view, this record is simply insufficient to support the conclusion that the trial court applied an incorrect legal standard in this case. On appeal, we do not presume error "where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) " 'The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary,' " and " 'the fact that the court focused its explanatory comments on [one factor] does not mean that it considered only that factor.' " (*People v. Allen* (2019) 41 Cal.App.5th 312, 330.) Thus, the mere fact that the trial court chose to elaborate on one aspect of childhood trauma in explaining its decision does not constitute an affirmative showing that it misunderstood the statutory definition of childhood trauma set forth in section 1385.[5] This is particularly true where, as here,

---

[5] We observe that defendant's written request to strike the enhancement contained no argument identifying what type of childhood trauma he claimed contributed to the commission of the offenses for which he was convicted, stating only in a conclusory fashion that "childhood trauma . . . contributed to the current offense." Nor did counsel elaborate on this argument at the sentencing hearing. Accordingly, the trial court was left to guess what aspect of defendant's childhood trauma defendant believed contributed to the offense.

16

the trial court's specific statement was prefaced by a broader finding that reflected a correct statement of the law set forth in the statute.

Thus, we conclude the trial court did not abuse its discretion by purportedly misinterpreting the statute to require a showing of physical abuse. Nothing in the record before us affirmatively establishes that the trial court applied an incorrect interpretation of section 1385 or misunderstood the scope of its discretion.

3. A Finding of Danger to the Public Was Not Required in This Case

Defendant also suggests that the trial court abused its discretion when it failed to make an express finding that dismissal of the enhancement would constitute a danger to the public. We conclude that such a finding was not required in this case and, as such, the failure to make such a finding does not constitute an abuse of discretion.

As the parties point out, the interpretation of section 1385, subdivision (c)'s instruction that the presence of one or more mitigating circumstances "weighs greatly in favor of dismissing the enhancement" is presently unsettled. (§ 1385, subd.(c)(2).) *People v. Walker*, *supra*, 86 Cal.App.5th 386, concluded that the language "erects a presumption in favor of the dismissal of the enhancement unless and until the court finds that the dismissal would 'endanger public safety'. . . ." (*Id.* at p. 399.) *People v. Ortiz*, *supra*, 87 Cal.App.5th 1087, disagreed with the conclusion reached in *Walker*, instead holding that "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement," and the language "does not preclude a trial court from determining that countervailing factors—other than the likelihood of physical or other serious danger to others—may nonetheless neutralize even the great

17

weight of the mitigating circumstance, such that dismissal of the enhancement is not in the furtherance of justice." (*Id.* at p. 1098.)

Relying on *Walker*, defendant argues that the trial court was compelled to dismiss his enhancement in the absence of a finding that dismissal would endanger public safety. However, we conclude that the circumstances in this case do not require us to resolve the split of authority regarding the interpretation of section 1385, subdivision (c)(2), because, even assuming that the statute now creates a rebuttable presumption as described in *Walker*, such a presumption would not apply in this case.

"A presumption is an assumption of fact that the law requires to be made from another fact or group of facts found or otherwise established in the action." (Evid. Code, § 600, subd. (a).) "Put differently, presumptions 'are conclusions that the law requires to be drawn (in the absence of a sufficient contrary showing) when some other fact is proved or otherwise established in the action.' " (*People v. McCall* (2004) 32 Cal.4th 175, 182.) Such a presumption "tells the trier of fact that if a specified predicate fact has been proved, the trier of fact *must* find that a specified factual element of the charge has been proved, unless the defendant has come forward with evidence to rebut the presumed connection between the two facts." (*People v. Williams* (2005) 130 Cal.App.4th 1440, 1444-1445.) By its plain terms, section 1385, subdivision (c)(2), provides that it is "[p]roof of the presence of one or more [mitigating] circumstances," which "weighs greatly in favor of dismissing the enhancement." (§ 1385, subd.(c)(2).) Thus, before any presumption could arise, the predicate fact that must be established is the presence of one or more of the mitigating circumstances set forth in section 1385, subdivision (c)(2).

18

Here, the only mitigating circumstance identified by defendant in the trial court proceedings and on appeal is the presence of childhood trauma contributing to the commission of the charged offense. (§ 1385, subd.(c)(2)(E).) However, the trial court expressly found that the evidence before it did not show that childhood trauma "was a factor in the commission of the crime." The record supports this finding. As the People correctly point out, the only evidence submitted for the trial court's consideration was a three-page biopsychosocial assessment of defendant. While this report detailed the existence of childhood trauma, there was nothing in the report upon which the trial court could rely to conclude that the documented childhood trauma "substantially contributed to the defendant's involvement in the commission of the offense." (§ 1385, subd. (c)(6)(B)). Even on appeal, defendant has identified no evidence in the record upon which the trial court could have relied to make such a finding.

Instead of identifying evidence presented to the trial court on this point, defendant relies on a journal article that suggests "[c]hildhood trauma . . . can lead to domestic violence later in life . . . ." However, this article was never submitted for the trial court's consideration. As such, it is not part of the appellate record, and we decline to consider it. (*People v. Jenkins* (2000) 22 Cal.4th 900, 952 [" '[O]ur review on direct appeal is limited to the appellate record,' " and if " 'defendant's claim is dependent upon evidence and matters not reflected in the record on appeal, we decline to consider it . . . .' "].)[6]

_____

[6] In reply, defendant suggests that it is unnecessary for any evidence of this fact to be in the appellate record because it is a matter of common knowledge. While a trial court "*may* take judicial notice of facts . . . which are matters of common knowledge . . . ,

19

More importantly, the mere fact that childhood trauma *can* lead to domestic violence later in life would not support a decision to strike or dismiss an enhancement under section 1385, absent evidence suggesting that childhood trauma did, in fact, contribute to the acts of domestic violence specific to the case.  (*People v. Orabuena* (2004) 116 Cal.App.4th 84, 99 ["The court . . . acts improperly if guided solely by its personal belief regarding the effect a particular sentencing law may have on a defendant, while ignoring the defendant's background, the nature of the defendant's present offenses, and other individualized considerations."].)

The absence of any evidence in the record to support a finding that childhood trauma contributed to the commission of the offense in this case is fatal to defendant's claim of error.  Notably, "[a] defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385.  But [the defendant] does have the right to 'invite the court to exercise its power by an application . . . , and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in the furtherance of justice."  (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)  As a result, "the burden . . . is on the defendant to provide the facts," and section 1385 does not "impos[e] on the trial court a sua sponte investigational duty to ferret out facts

___

the *duty* of taking judicial notice arises only if the party gives his opponent sufficient notice of the request and furnishes the court with sufficient information to enable it to judicially notice the matter."  (*E.M. Consumer Corp. v. Christensen* (1975) 47 Cal.App.3d 642, 653, fn. 7; Evid. Code, §§ 452, 453.)  Thus, even when a trial judge is personally aware of a fact as an indisputable matter of common knowledge, it "would not of itself justify him in recognizing it."  (*Varcoe v. Lee* (1919) 180 Cal. 338, 344.)

potentially supporting the defendant's request." (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.) The recent amendments to section 1385 do not change this procedural understanding, as the statute expressly states the trial court is to afford great weight "to evidence *offered by the defendant* to prove that any of the mitigating circumstances… are present." (§ 1385, subd.(c)(2), italics added.) Thus, it was incumbent upon defendant to produce evidence or direct the trial court's attention to the facts necessary to support the presence of a potential mitigating circumstance. Where the defendant fails to do so, it is not an abuse of discretion for the trial court to conclude that no mitigating circumstances are present in the case.

Given this record, even if we were to adopt *Walker's* interpretation that section 1385, subdivision (c)(2), creates a presumption in favor of dismissal, it would not afford a basis for reversal in this case. The predicate fact required for the presumption to arise is the presence of one of the mitigating circumstances identified in the statute. Absent the presence of an identified mitigating circumstance, any presumption in favor of dismissal does not arise, and the trial court is not required to proceed to the next step of considering whether any such presumption is rebutted by a danger to public safety.

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
                                                    J.

We concur:

MILLER_____
            Acting P. J.

CODRINGTON_____
                J.